# THOMPSEN *v.* HANCOCK

## No. 2733

May 11, 1926.                          245 P. 941.

1. STATUTES.
   Relative and qualifying words and phrases, where no contrary intention appears, refer solely to last antecedent.

2. HAWKERS AND PEDDLERS—STATUTE HELD NOT TO REQUIRE PEDDLER OF MEAT PRODUCED IN NEVADA BUT NOT BY PEDDLER TO SECURE LICENSE.
   Stats. 1915, c. 183 sec. 1, as amended by Stats. 1919, c. 100, sec. 1, requiring peddlers to secure licenses, except such as are engaged in the disposal of live stock, etc., produced in Nevada, or in any other state where the vendor is a bona fide producer or grower, *held* not to require a peddler of meat produced in Nevada, but not produced by the peddler, to secure a license, as the phrase "where vendor is bona fide producer or grower" refers to the words "in any other state."

See (1) 36 Cyc. p. 1123, n. 54; (2) 29 C. J. sec. 17, p. 230, n. 71.

PETITION for writ of prohibition by E. G. Thompsen against W. C. Hancock, Justice of the Peace of Argenta Township, Lander County. **Alternative writ made peremptory.**

*Thos. A. Brandon,* for Petitioner:

Vendors of Nevada products are exempt, whether producers or not. Vendors from other states are exempt if they are producers. Exception clause, Stats. 1919, 183.

In clause "or in any other state where the vendor is a bona fide producer or grower," antecedent of "where" is "state," regardless of punctuation.

If undisputed facts do not constitute public offense, accused must be discharged. Ex Parte Rosenblatt, 19 Nev. 439.

When inferior court invades fundamental right, appellate court will grant relief. Walser v. Moran, 42 Nev. 111.

*Howard E. Browne,* District Attorney, for Respondent:

This is question of construction of exception clause of 1919 act. According to all canons of statutory construction petitioner does not come within exception.

Construction of statute which sustains its validity

must be adopted, if possible. Hettel v. Court, 30 Nev. 382; Commonwealth v. Harvester Co., 115 S. W. 703.

## OPINION

By the Court, DUCKER, J.:

Petitioner prays for a writ of prohibition. His petition shows the following facts, to wit: He was arrested and tried in the respondent court sitting without a jury, on a charge of peddling without a license. The court found him guilty as charged and fixed a time for imposing sentence. The complaint upon which he was arrested was amended, and the charging part of the amended complaint reads as follows:

"Personally appeared before me, this 9th day of January, 1926, Jas. A. Parker, of Battle Mountain, in the county of Lander, State of Nevada, who, being first duly sworn, complains, and charges E. G. Thompsen with the crime of misdemeanor committed as follows: That within his knowledge, information, and belief E. G. Thompsen, on or about the 5th day of January, 1926, and prior to the filing of this complaint, at Battle Mountain, in the county of Lander, did, without first procuring a peddler's license from the sheriff of Lander County, authorizing defendant, E. G. Thompsen, to transact the business of a traveling merchant within Lander County, sell and deliver meats, poultry, and eggs from an automobile to various individuals at Battle Mountain, Lander County, Nevada. Said defendant, E. G. Thompsen, is not established at a place of business within Lander County. The meats, poultry, and eggs sold by the defendant at Battle Mountain were products of the State of Nevada, but they were not products which the defendant had produced or grown, the same having been purchased by defendant's employer, from the bona fide producer or grower, all of which is contrary to the form, force, and effect of the statute of March 22, 1915, as amended by Act of March 26, 1919, in such cases made and provided, and against the peace and dignity of the State of Nevada.

"Complainant therefore prays that a warrant be issued for the arrest of said E. G. Thompsen, that he may be dealt with according to law."

. Before trial, petitioner, through his attorney, Thos. A, Brandon, Esq., demurred to the amended complaint upon the ground that the same did not state facts sufficient to constitute a public offense under the laws of the State of Nevada, and upon the further ground that the court had no jurisdiction of the alleged offense, for the reason that the acts under which it was filed are unconstitutional and consequently void. The demurrer was overruled by the court.

The undisputed evidence given at said trial on behalf of the State of Nevada was substantially as follows, to wit: That E. G. Thompsen, petitioner herein, on or about the 5th day of January, 1926, had peddled meat in Lander County, Nevada, and more particularly in the town of Battle Mountain, situated in said Lander County, and after said petitioner had been informed by the officers of Lander County that he must have a license for peddling or attempting to peddle such meat; that all of said meats so peddled by petitioner at Battle Mountain, Lander County, Nevada, were Nevada products raised and produced within the State of Nevada; that petitioner, during the time he had so peddled meats in Battle Mountain, Nevada, had never had any place of business at said town or within said Lander County; that at all times while so peddling meat in said Lander County, Nevada, the petitioner was acting as the employee and under the orders of one W. H. Cooper, of Winnemucca, Humboldt County, Nevada; that said W. H. Cooper conducts a butcher shop at Winnemucca aforesaid, and has been so conducting the same for a period of more than five years last past and prior to the trial of said action; that the said Cooper was also engaged in the ranching and live stock industry in Pershing County, Nevada, raising and running cattle and sheep, and had been so ranching and raising live stock for a large number of years prior to the trial of said action in both Humboldt and Pershing County; that the said W. H.

Cooper had been a bona fide resident of the State of Nevada for more than 20 years prior to the trial of said action; that he had been engaged in the peddling of meats in said town of Battle Mountain for some two or three months prior to the trial of said action; that in so peddling the same an automobile was loaded with meat out of the butcher shop of said W. H. Cooper and was then driven to Battle Mountain, and there peddled by the said E. G. Thompsen, as such employee of the said W. H. Cooper. W. H. Cooper was the bona fide grower or producer of a portion of the Nevada products peddled by petitioner. Neither petitioner nor his employer had a license to transact business as a traveling merchant.

On application for the alternative writ in this court, petitioner contended that the respondent court had no jurisdiction in the premises for each of the reasons stated in the demurrer. The matter has been submitted without oral argument on briefs required by this court. Counsel for petitioner in his brief has expressly waived the constitutional objection and stands upon the contention that the justice's court is without jurisdiction to impose sentence because the amended complaint, and the evidence in support thereof, both show that no offense was committed, in that it appears therefrom that the products sold by petitioner were products produced or grown in the State of Nevada.

The law involved is found at page 252 of the Statutes of 1915, as section 1 thereof was amended in 1919. Before amendment said section read as follows:

"The term 'traveling merchant,' wherever used in this act, shall be taken and deemed to mean all merchants entering into business at any place within the state for a period of less than six months, all persons vending from freight cars standing on side tracks, all hawkers, vendors, peddlers and traveling manufacturers except such as are engaged in the disposal of products of the soil produced in Nevada, poultry, eggs and live stock, and honey produced in Nevada and dairy products

produced in Nevada, which shall be exempt from the provisions of this act."

By section 2 of the act a traveling merchant, prior to commencing business, is required to procure a license from the sheriff of the county wherein he desires to transact such business, and pay therefor the sum of $100 per month.

As amended in 1919 section 1 reads:

"The term 'traveling merchant,' wherever used in this act, shall be taken and deemed to mean all merchants entering into business at any place within the state for a period of less than six months; all persons vending from freight cars standing on side tracks, or hawkers, vendors, peddlers and traveling manufacturers, except such as are engaged in the disposal of the products of the soil, poultry, eggs, live stock, honey or dairy products produced in Nevada, or in any other state where the vendor is a bona fide producer or grower, who shall be exempt from the provisions of this act."   Stats. 1919, pp. 183, 184.

**1, 2.**   As heretofore stated, the petition shows that it was proved that all of the products sold by petitioner were Nevada products, but neither the petitioner nor his employer was the grower or producer of a portion of the same.

Counsel for respondent contends that, by the exception clause of the section as amended, only persons who are the growers or producers of products sold by them are meant to be exempt from the provisions of the act. We cannot agree with this construction.   By the act of 1915 the intention to exempt Nevada products is clearly and unequivocally expressed in the exception clause.   Let us restate it:

" *   *   *   Except such as are engaged in the disposal of products of the soil produced in Nevada, poultry, eggs and live stock, and honey produced in Nevada and dairy products produced in Nevada, which shall be exempt from the provisions of this act."

The legislature must be understood to mean what it has plainly expressed, and no construction could be permitted to qualify the foregoing statement with an unexpressed intention to limit the disposal of the products mentioned to the grower or producer. The words are free from ambiguity and doubt. No mention is made of the grower or producer. By the amendment of 1919 no substantial change is made in the section or exemption clause, except that there is inserted in the latter after the phrase, "products produced in Nevada," the words, "or in any other state where the vendor is a bona fide producer or grower." It will be observed that the added words and phrases are unpunctuated and set off from the reenacted part of the statute of 1915 by commas. The clause of the amendatory part of the statute, "where the vendor is a bona fide producer or grower," qualifies the amendment. It is a rule of construction that relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent. Sutherland on Statutory Construction, sec. 267. The antecedent of the word "where" is the word "state," and plainly the former refers solely to the latter as the locality in which the vender must be a bona fide producer or grower. This is indicated by the comma after "Nevada." Even if there were no comma between Nevada and the other places mentioned, the word "state" would be the last antecedent, and under the rule stated must be taken as referred to solely, unless a contrary intention appeared. No such intention is apparent from the entire section. It would seem that, if the legislature of 1919 intended by the amendatory statute to narrow the scope of the 1915 statute by requiring all venders to be bona fide producers or growers, it would have changed the phraseology of the earlier statute to evidence that intent. If such had been the intention, how easy and natural it would have been to have omitted the word "Nevada," and said:

"Products produced in any state where the vender is a bona fide producer or grower."

As we have stated, no substantial change was made in the phraseology of the 1915 statute by the amendatory act, but merely a clause added which in itself clearly restricts the vending without license of the products of other states to the producer or grower thereof. This being the meaning of the statute, the acts charged against petitioner in the amended complaint constituted no offense, and the evidence proved none, for the products alleged to have been vended by him were Nevada products and shown to be such on his trial. The respondent court was therefore without jurisdiction from the beginning, and has no jurisdiction to punish petitioner for his lawful acts.

The alternative writ is made peremptory.

It is so ordered.