JERRY'S NUGGET, APPELLANT, *v.* JAY KEITH AND STATE INDUSTRIAL INSURANCE SYSTEM, RESPONDENTS.

No. 25068

January 25, 1995                                          888 P.2d 921

*J. Michael McGroarty,* Las Vegas, for Appellant.

*Nancyann Leeder,* Nevada Attorney for Injured Workers, and *Gary T. Watson,* Deputy, and *Robert L. Hempen,* Deputy, Carson City, for Respondent Keith.

*R. Scott Young,* General Counsel, and *Robert P. Bettinger,* Associate General Counsel, Carson City, for Respondent State Industrial Insurance System.

## OPINION

*Per Curiam:*

### FACTS

Jay Keith ("Keith") worked as a bartender for Jerry's Nugget ("Jerry's"). Keith injured his back while picking up an ice chest. He underwent surgery, was found to be thirteen percent disabled and went back to work in December 1988, assuming light-duty activity. Two days after returning to work, Keith was fired for giving out free drinks. The State Industrial Insurance System ("SIIS") denied Keith any further rehabilitative benefits because he was fired for cause. Although Keith does not dispute the motivation or justification behind his termination, he appealed

SIIS's decision to terminate his rehabilitative benefits. An appeals officer affirmed the agency decision on August 21, 1989, and Keith did not seek judicial review.

Keith's back pain continued to intensify. SIIS reopened Keith's worker's compensation claim based on his change of circumstances. Keith underwent surgery again and received a disability rating that prevented him from assuming even light-duty work. SIIS referred Keith for vocational rehabilitation services, but then denied Keith the services when it found that Jerry's terminated Keith for cause in 1988. Keith appealed and the hearing officer affirmed. Keith appealed again and an appeals officer sent Keith to receive a one-time rehabilitation evaluation. Before the evaluation was completed, however, the appeals officer affirmed SIIS's decision to refuse rehabilitative benefits. The appeals officer concluded that Keith's acceptance of light-duty work in 1988, combined with his subsequent dismissal, terminated the benefit under NAC 616.086. The appeals officer was not convinced that a change in Keith's circumstances allowing SIIS to reopen Keith's claim justified reexamining the issue of rehabilitative benefits. Keith appealed to the district court.

After receiving Keith's rehabilitation evaluation, SIIS once again denied vocational rehabilitation benefits. A hearing officer reversed this decision, instructing SIIS to perform a "functional capacity evaluation" to determine if Keith's light-duty restrictions were still accurate. SIIS appealed and Keith introduced evaluations into evidence stating that he no longer held an ability to perform light-duty tasks. The appeals officer reversed the hearing officer's decision, agreeing with SIIS that Keith was not entitled to vocational rehabilitation benefits. The appeals officer concluded that administrative regulations and the doctrine of the law of the case barred any further award of vocational rehabilitation benefits. Keith appealed.

The district court consolidated Keith's two appeals and then held that Keith was entitled to vocational rehabilitation benefits. The district court found that Keith's worsening back problems, directly related to his injury at Jerry's, prevented Keith from performing functions that he could perform immediately following his injury in 1987. The court concluded that Keith's deteriorating condition constituted a change in circumstances that entitled him to pursue rehabilitative vocational benefits pursuant to NRS 616.545 from the time his case was reopened.

Jerry's appeals, arguing that (1) rehabilitative services are governed by statutes and regulations that measure eligibility only at the time of the industrial accident; (2) the general provisions of NRS 616.545 do not take precedence over specific regulations which prevent Keith from receiving rehabilitative services; (3)

Keith's claim for rehabilitative services is barred by the doctrine of collateral estoppel; and (4) the district court improperly engaged in fact finding to justify its order. For reasons stated hereafter, we conclude that the district court did not err. We therefore affirm the order of the district court.

## DISCUSSION

*Whether rehabilitative services are governed by statutes and regulations that measure eligibility only at the time of the industrial accident*

In reviewing agency action, this court is limited to an examination of the record upon which that action was based. *See* State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 607, 729 P.2d 497, 498 (1986). With respect to statutory interpretation, however, this court need not act with deference. *See* SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). We must therefore exercise our own judgment in determining if the statutory scheme supports SIIS's claim that eligibility for rehabilitative services is measured only at the time of the injury. Stated alternatively, we must determine if the agency was correct in concluding that vocational rehabilitation benefits cannot be awarded when a claimant experiences a change in circumstances. If it can be so awarded, then the agency decision to deny vocational rehabilitation benefits to Keith constitutes an abuse of discretion. *See* NRS 233B.135(3). The district court found such an abuse.

Jerry's argues, in contrast, that the plain meaning of applicable regulations prevents Keith from receiving vocational rehabilitation benefits after SIIS initially terminated the benefits.[1] Citing NAC 616.076(1), Jerry's notes that an injured worker must be unable to return to the job he held *before his injury* to receive rehabilitative services. This statute provided, in relevant part, that "[a]n injured worker must be physically unable to return to the job he held before his injury because of an industrial injury or occupational disease to receive rehabilitative services." NAC 616.076(1) (repealed and codified in substance at NRS 616.5178). Because Keith could not return to his pre-injury employment in 1987 and he cannot do so now, Jerry's concludes that no change in circumstances could ever justify further rehabilitative benefits.

Citing NAC 616.086(1), Jerry's also argues that Keith's right to rehabilitative services ended when he accepted light-duty

---

[1]The legislature made significant changes to worker's compensation law in 1993. Citations to statutes and regulations refer to those presently in effect unless otherwise indicated.

work. NAC 616.086(1) provided that "a worker may no longer receive rehabilitative services if an employer offers him gainful employment which does not exceed any limitations defined by a treating or examining physician." (Amended in form in 1994.)

Keith responds that the plain meaning of worker's compensation statutes allows SIIS to reopen a claim when a claimant's situation deteriorates. As did the district court, Keith relies upon NRS 616.545(1) to support this proposition. This statute as it existed at the time of Keith's accident provided, in relevant part, that "[i]f a change of circumstances warrants an increase or rearrangement of compensation during the life of an injured employee, application may be made therefor." 1985 Nev. Stat., ch. 500, § 19 at 1547. Keith states that no regulation provides an exception to this statute that would prevent him from receiving rehabilitative benefits when his case was reopened.

We conclude that eligibility for rehabilitative services is not measured only at the time of the industrial accident and that SIIS can award vocational rehabilitation benefits upon a change in circumstances. NRS 616.545(1) allows SIIS to reopen a claim when a change in circumstances warrants an increase or rearrangement in "compensation." *See* NRS 616.545(1)(a). Neither Jerry's nor Keith considers this statute in light of the following definition of the term "compensation" found in NRS 616.045: "'Compensation' means the money which is payable to an employee or to his dependents as provided for in this chapter, and includes benefits for funerals, accident benefits and *money for rehabilitative services*." (Emphasis added.) Giving these statutes the plain meaning that both parties seek, a legislative intent to allow for reexamination of rehabilitative services upon a change of circumstances seems inescapable.

Worker's compensation regulations do not conflict with this conclusion. Although NAC 616.086 and NAC 616.076 provide circumstances in which SIIS may initially terminate rehabilitative services, they do not address the question of whether rehabilitative services may be awarded upon a change in circumstances. Once Keith's claim was reopened, he was entitled to seek vocational rehabilitation training benefits by complying with NRS 616.222(3) (replaced by NRS 616.5178).

*Whether the specific provisions of NAC 616.076 and NAC 616.086 take precedence over NRS 616.545*

Jerry's argues that this court should decide this appeal on the basis of NAC 616.076(1) instead of NRS 616.545 because spe-

cific statutes control general statutes. Jerry's relies on Maxwell v. SIIS, 109 Nev. 327, 849 P.2d 267 (1993), to support this argument. Jerry's reasons that NRS 616.545 cannot be interpreted to allow reopening of a rehabilitation claim without blurring the distinction between reopening a claim for treatment of an old injury and establishing a new claim for a new injury to the same body part. Jerry's concludes that the district court's decision will result in "a virtually endless entitlement for rehabilitation." Keith responds that regulations cannot lawfully modify or contravene a statute.

We conclude that Keith is correct. First, *Maxwell* did not validate regulations at the expense of the statutory framework. Rather, *Maxwell* involved the interplay of statutes within NRS chapter 616. *See Maxwell*, 109 Nev. at 330, 849 P.2d at 270. In contrast, this court has held on many occasions that administrative regulations cannot contradict the statute they are designed to implement. *See* Clark Co. Social Service Dep't v. Newkirk, 106 Nev. 177, 179, 789 P.2d 227, 228 (1990). Even though NAC 616.076 was codified in 1993 as NRS 616.5178, the statute does not foreclose the possibility of reopening a claim after rehabilitative benefits are terminated.

Furthermore, we see no justification for Jerry's claim that giving effect to NRS 616.545 would erode any valuable distinction made in worker's compensation law. Jerry's does not argue with the fact that SIIS can reopen a claim when justified by a change of circumstances to provide further compensation other than rehabilitative benefits. This fact blurs the same distinction with respect to other forms of compensation that Jerry's apparently finds significant only with respect to vocational rehabilitation. Moreover, the "virtually endless entitlement" of which Jerry's warns is clearly allowed by the language of NRS 616.545, which provides for reopening of a claim "during the life of the claimant." *See* NRS 616.545(1)(a). Because the agency chose to ignore this unambiguous language, its actions constituted an abuse of discretion justifying the district court's reversal of the agency's decisions.

*Whether Keith's claim for rehabilitative services is barred by the doctrine of collateral estoppel*

Jerry's argues that Keith should be estopped from relitigating the issue of whether Keith is entitled to rehabilitative benefits. As a form of res judicata, collateral estoppel or issue preclusion may apply to administrative proceedings. *See* Campbell v. State, Dep't of Taxation, 108 Nev. 215, 218, 827 P.2d 833, 835 (1992).

Keith responds that the issue addressed in the previous action was different because he experienced a change of circumstances that now justifies further rehabilitative benefits. Citing NRS 616.012, Keith also argues that worker's compensation law renders inapplicable the doctrines of res judicata and collateral estoppel. This statute provides in relevant part that "[t]he provisions of this chapter and chapter 617 of NRS are based on a renunciation of the rights and defenses of employers and employees recognized at common law." NRS 616.012(3).

We question whether the legislature intended NRS 616.012(3) to form a *complete* bar of the use of res judicata and collateral estoppel in the worker's compensation context. A final agency decision would truly never be final unless some preclusive effect, whether or not it is called res judicata, is attributed to that decision. *See generally* NRS 616.543 (stating conditions for appealing the final decision of an appeals officer). Nevertheless, we have already held that the terms of worker's compensation statutes themselves control the awarding or denial of benefits. *See* Goldstine v. Jensen Pre-Cast, 102 Nev. 630, 632, 729 P.2d 1355, 1356-57 (1986) (citing NRS 616.370). These statutes allow the amount of compensation, which includes rehabilitative benefits, to be reexamined upon a change of circumstances. We interpret this as legislative intent to prevent the use of res judicata or collateral estoppel as a defense to Keith's claim if Keith can show such a change.

*Whether the district court improperly engaged in fact finding to justify its order*

Jerry's argues that the district court improperly considered Keith's worsening condition because a change in circumstances related to Keith's injury was not specifically noted by the appeals officers as a finding of fact. The district court specifically overruled this argument because evidence was before one appeals officer which the district court felt was sufficient to confirm that Keith's situation was deteriorating. Whether or not this was the case, the district court was not free to substitute its own judgment for that of the appeals officer. *See* NRS 233B.135(3). We are similarly constrained in reviewing the agency record. *See* Shetakis Dist. v. State, Dep't Taxation, 108 Nev. 901, 904, 839 P.2d 1315, 1317 (1992).

Even so, we note that SIIS necessarily found that Keith's circumstances had changed when SIIS reopened Keith's claim. *See* NRS 616.545. One appeals officer found as a fact that Keith's claim had been reopened. Jerry's held appeal rights when SIIS

decided to reopen Keith's claim. Jerry's did not successfully exercise those rights.[2]

## CONCLUSION

We conclude that NRS chapter 616 allows SIIS to award vocational rehabilitation services upon a claimant's change of circumstances. Worker's compensation regulations cannot be read to contradict the intent of the legislature to provide these services. The doctrine of collateral estoppel does not apply in the case at hand because NRS chapter 616 allows SIIS to reopen a worker's compensation claim when a claimant's circumstances change. Sufficient administrative findings exist to justify these conclusions. We therefore affirm the order of the district court.

---

[2]The appeals officer also found that SIIS went one step further, actually reinstating rehabilitative benefits in April 1992, after Keith was released to sedentary work with a five-pound lifting restriction. SIIS quickly cancelled these benefits because it was informed that a change in circumstances was irrelevant based on an erroneous interpretation of the law.