PUBLIC AGENCY COMPENSATION TRUST (PACT), APPELLANT, *v.* DALE BLAKE, RESPONDENT.

No. 54822

November 23, 2011          265 P.3d 694

*Lynne & Associates* and *Jill M. Lynne*, Las Vegas, for Appellant.

*King, Gross & Sutcliffe, Ltd.*, and *Ward M. Sutcliffe*, Las Vegas, for Respondent.

Before SAITTA, C.J., HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we determine the proper method of apportioning permanent partial disability (PPD) benefits between prior and subsequent industrial injuries when the impairment ratings for those injuries were based on different editions of the applicable guide. PPD awards are based on the percentage of whole person impairment as determined by a rating physician, who makes the calculations using the edition of the American Medical Association

*Guides to the Evaluation of Permanent Impairment* (AMA *Guides*) adopted by the Division of Industrial Relations. *See* NRS 616C.490; NRS 616C.110. Relying on a regulation that addresses the apportionment of PPD benefits, NAC 616C.490(4), the appeals officer and the district court in this case concluded that respondent's prior impairment rating, which was calculated using an older version of the AMA *Guides*, should be deducted from his current impairment rating, which was calculated using the current edition of the AMA *Guides*. We disagree. The plain language of the governing statute, NRS 616C.490(9), requires the rating physician to reconcile the different editions of the AMA *Guides* by first recalculating the percentage of the previous impairment rating using the current edition and then subtracting that recalculated percentage from the current level of impairment. Thus, we reverse.

## PROCEDURAL HISTORY AND FACTS

Respondent Dale Blake injured his back on December 15, 2004, during the course and in the scope of his employment. Prior to this accident, Blake had suffered four other industrial accidents, in 1982, 1983, 1993, and 1995, resulting in injuries to his lower back. As of his last PPD determination in 1995, Blake received a PPD compensation based on a 14-percent whole person impairment rating using the second edition of the AMA *Guides*.

In 2003, the Legislature mandated the use of the fifth edition of the AMA *Guides* for calculating PPD awards.[1] Blake's most recent injury was evaluated under the fifth edition of the AMA *Guides*. That evaluation found that Blake suffered a 40-percent whole person impairment. Subtracting the 14-percent prior impairment rating from Blake's current 40-percent impairment, the rating physician determined that Blake's PPD award for the 2004 injury should be calculated using a net 26-percent increase in impairment rating.

After receiving the rating physician's evaluation, appellant Public Agency Compensation Trust (PACT), which was the insurer for Blake's employer when the 2004 accident occurred, expressed concern to the rating physician that the impairment rating for the prior evaluations were not comparable to the rating for the new evaluation because of the change in editions of the AMA *Guides*. In response, the physician submitted an addendum to his report indicating that he was unsure whether Blake's condition before the 2004 injury could be established. He stated that there was insufficient data to establish Blake's rating, but that the fifth edition of the AMA *Guides* permits an estimation of impairment. On that

[1]See *NAIW v. Nevada Self-Insurers Association*, 126 Nev. 74, 77-78, 225 P.3d 1265, 1267 (2010), for a general discussion of the use of the fifth edition of the AMA *Guides* to evaluate impairment percentage or rating for injured workers.

basis, the doctor estimated that Blake's prior level of impairment was equal to a 23-percent level of impairment under the fifth edition of the AMA *Guides*. Subtracting the revised 23-percent impairment for the prior injuries from the 40-percent current impairment rating, the doctor determined that the PPD award should be apportioned to compensate him for 17-percent impairment for the 2004 injury. PACT then offered an award to Blake based on a net 17-percent rating of whole person impairment.

Blake administratively appealed, and an appeals officer ordered PACT to offer a PPD award to Blake based on the original net 26-percent impairment rating. PACT petitioned for judicial review pursuant to NRS 233B.135. The district court upheld the appeals officer's finding that the prior percentage of disability is deducted from the current disability percentage regardless of the edition of the AMA *Guides* used to calculate the prior disability determination. PACT now appeals.

## DISCUSSION

We now determine the proper method of calculating PPD compensation for a subsequent work-related injury when the impairment rating for that injury is based on a different edition of the AMA *Guides* than were prior injuries. We conclude that NRS 616C.490(9) is plain and unambiguous and requires that the calculations for prior and subsequent injuries be reconciled by first using the current edition of the AMA *Guides* to determine both the percentage of the entire disability and the percentage of the previous disability, and then subtracting the latter number from the former to calculate the award for the current injury. We further conclude that to the extent that NAC 616C.490 allows for computation of PPD compensation without reconciliation of the different editions of the AMA *Guides*, it impermissibly conflicts with NRS 616C.490 and is invalid.

### Standard of review

This court applies de novo review to questions of law, including issues of statutory interpretation. *State, DMV v. Taylor-Caldwell*, 126 Nev. 132, 134, 229 P.3d 471, 472 (2010); *State, Dep't of Motor Vehicles v. Terracin*, 125 Nev. 31, 34, 199 P.3d 835, 836-37 (2009). When a statute is clear and unambiguous, this court gives effect to the plain and ordinary meaning of the words and does not resort to the rules of construction. *Seput v. Lacayo*, 122 Nev. 499, 502, 134 P.3d 733, 735 (2006), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008).

*NRS 616C.490(9) is plain and unambiguous*

NRS 616C.490(9) provides, in pertinent part, that

> [w]here there is a previous disability, . . . the percentage of disability for a subsequent injury must be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability *as it existed at the time of the subsequent injury*.

(Emphasis added.)

Blake interprets NRS 616C.490(9) to permit the deduction of prior disability ratings without reconciling the calculation of the prior rating with any new edition of the AMA *Guides*. More specifically, Blake reads this provision as codifying a legislative determination that the calculation should be made using the percentage of impairment as it existed at the time of the subsequent injury. PACT, however, contends that a proper apportionment of prior and subsequent injuries under the statute requires the rating physician to recalculate the impairment rating for the prior disability under the same edition of the AMA *Guides* used to calculate the impairment rating for the current injury. The plain language of NRS 616C.490(9) demonstrates that PACT is correct.

NRS 616C.490(9) applies in situations where a worker with a prior permanent disability suffers a subsequent disability from an employment-related accident. NRS 616C.490(9) requires the percentage of prior impairment to be deducted from the percentage of current impairment. However, there may be situations in which the prior impairment was determined under one standard and the new impairment under another because the American Medical Association periodically publishes new editions of the AMA *Guides*, and our Legislature has frequently amended the statute with respect to applying the AMA *Guides*. NRS 616C.110 (requiring adoption of the fifth edition of the AMA *Guides*); *see also* 2009 Nev. Stat., ch. 500, § 3, at 3032-33; 2003 Nev. Stat., ch. 305, § 7, at 1671-72; 1999 Nev. Stat., ch. 388, § 53, at 1777. In such situations, the two determinations may not be comparable because updates to the AMA *Guides* can, as they did in this case, create different percentages of impairment rating for the prior disability.

However, the Legislature has made it clear that a previous disability must be calculated ''as it existed at the time of the subsequent injury.'' NRS 616C.490(9). This phrase refers to ''previous disability,'' not ''percentage,'' because ''previous disability'' is the antecedent immediately before it. *See* 2A Norman J. Singer and J.D. Shambie Singer, *Sutherland Statutory Construction* § 47:33 (7th ed. 2007) (referential and qualifying phrases generally apply to the last antecedent, meaning the last word to which the

phrase can apply without impairing the sentence's meaning); *see also Thompsen v. Hancock*, 49 Nev. 336, 341, 245 P. 941, 942 (1926) ("It is a rule of construction that relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent."). This interpretation is logical in light of the purpose of the workers' compensation scheme. Workers' compensation is meant to compensate for the actual impairment to the worker caused by an industrial injury. *See* NAC 616C.490. The purpose of each revision of the AMA *Guides* is to "update the diagnostic criteria and evaluation process used in impairment assessment, incorporating available scientific evidence and prevailing medical opinion." American Medical Association, *Guides to the Evaluation of Permanent Impairment* 1 (Linda Cocchiarella & Gunnar B.J. Anderson eds., 5th ed. 2000). Using a consistent method of accounting for impairment ensures that workers are fairly compensated for their disability.

Furthermore, this interpretation is consistent with the legislative intent of permitting only one award per injury. *See SIIS v. Bokelman*, 113 Nev. 1116, 1123-24, 946 P.2d 179, 184 (1997) (explaining that a similar statute regarding permanent total disability is intended to avoid duplicate recoveries); *see also Ransier v. SIIS*, 104 Nev. 742, 744, 766 P.2d 274, 275 (1988) ("When a worker's post-injury impairment is due to both the immediate injury and a pre-existing injury, compensation may only be paid for that portion of the impairment reasonably attributable to the current injury."). Also, NRS 616C.425(1) states "[t]he amount of compensation and benefits and the person or persons entitled thereto must be determined as of the date of the accident or injury to the employee, and their rights thereto become fixed as of that date." Reconciling the evaluation is necessary to prevent inconsistent accounting of the level of impairment.

Although NRS 616C.490(9) is plain and unambiguous, the appeals officer and the district court relied on the corresponding provision in the Nevada Administrative Code, NAC 616C.490, in determining that the impairment rating of Blake's prior disability should have been calculated under a prior edition of the AMA *Guides*. Accordingly, we now turn to a determination of whether NAC 616C.490(4) conflicts with its governing statute, NRS 616C.490(9).

*NAC 616C.490(4) impermissibly conflicts with NRS 616C.490(9)*

To determine the meaning of an administrative regulation, we will generally defer to the "agency's interpretation of a statute that the agency is charged with enforcing." *State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000). How-

ever, we will not defer to the agency's interpretation if, for instance, a regulation "conflicts with existing statutory provisions or exceeds the statutory authority of the agency." *Id.*; *Jerry's Nugget v. Keith*, 111 Nev. 49, 54, 888 P.2d 921, 924 (1995) ("administrative regulations cannot contradict the statute they are designed to implement").

NAC 616C.490(4) provides:

> If a rating evaluation was completed in this State for a previous industrial injury or occupational disease involving a condition, organ or anatomical structure that is identical to the condition, organ or anatomical structure being evaluated for the present industrial injury or occupational disease, an apportionment must be determined by subtracting the percentage of impairment established for the previous industrial injury or occupational disease from the percentage of impairment established for the present industrial injury or occupational disease, *regardless of the edition* of the [AMA *Guides*] used to determine the percentage of impairment for the previous industrial injury or occupational disease.

(Emphasis added.) NAC 616C.490(4) clearly contemplates the deduction of a previous disability percentage from the current disability percentage without requiring the prior disability percentage to be assessed "as it existed at the time of the subsequent injury." NRS 616C.490.

Because we conclude that NRS 616C.490(9) requires recomputation of the previous injury's percentage of disability, NAC 616C.490(4) is in direct conflict with the governing statute. Therefore, no deference to the agency's interpretation is due, and we conclude that NAC 616C.490(4) is invalid.

Because we conclude that the district court and the appeals officer erred in relying on NAC 616C.490(4) to determine the amount due and, therefore, the PPD award based on the 17-percent whole person impairment rating for the current injury was proper, we reverse the district court's order denying the petition for judicial review and remand this case to the district court with instructions to remand it to the appeals officer so that Blake's PPD compensation can be calculated using the 17-percent impairment difference.[2]

SAITTA, C.J., and PARRAGUIRRE, J., concur.

---

[2]We have considered the parties' other arguments and conclude that they are without merit.