An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VASSILIOS TZORTZIS,
Appellant,
vs.
CAESARS PALACE,
Respondent.

No. 64302

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Vassilios Tzortzis suffered a hernia injury when he was working as a waiter for respondent Caesars Palace. He was later diagnosed with a spinal cord infarction related to his hernia repair, and both the hernia and infarction conditions were accepted under his workers' compensation claim. After appellant received a permanent partial disability award and his claim was closed, appellant sought reopening for treatment of his spinal cord infarction condition.[1] There was conflicting evidence as to whether appellant's current condition, which had worsened since the time of claim closure, was caused by his industrial infarction injury, and respondent's insurer denied the reopening request on the basis that his current symptoms were not industrially caused. Appellant administratively appealed. The appeals officer concluded that appellant's symptoms from his industrial injury had indeed worsened, but denied

---

[1]Appellant also sought reopening for his hernia condition, which is not at issue in this appeal.

15-15442

appellant's reopening request after finding that no additional medical treatment for his infarction was warranted. The district court denied appellant's petition for judicial review, and this appeal followed.

The administrative record contains evidence indicating that appellant's condition related to his industrial infarction condition had worsened and also evidence, albeit conflicting, that additional medical treatment was not warranted for that condition, and thus, substantial evidence supports the appeals officer's factual determinations. NRS 233B.135(3) (setting forth the standard of review); *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (defining substantial evidence and explaining that this court will not reweigh the evidence or substitute our judgment for that of the appeals officer on questions of fact). Nevertheless, the appeals officer erred when, after finding that appellant's industrially related condition had worsened, she denied claim reopening without addressing whether the changed circumstances warranted an increase or rearrangement of compensation other than medical treatment. *See* NRS 616C.390(1) (providing that a claim shall be reopened if there is a change of circumstances primarily caused by the industrial injury that warrants an increase of compensation and the reopening request is accompanied by a physician's certificate showing those changes); NRS 616A.090 (defining "compensation"); *Las Vegas Hous. Auth. v. Root*, 116 Nev. 864, 868, 8 P.3d 143, 146 (2000) ("NRS 616C.390 requires proof of a change of circumstances and proof that the primary cause of the change of circumstances is the injury for which the claim was originally made."); *Jerry's Nugget v. Keith*, 111 Nev. 49, 53, 888 P.2d 921, 924 (1995) (holding that rehabilitation services, not just accident benefits, can be awarded

upon claim reopening for a change in circumstances); *see also Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087-88 (2008) (reviewing appeals officer's decision for clear error or an abuse of discretion). Accordingly, we reverse the district court's order denying appellant's petition for judicial review and remand this matter to the district court with instructions to remand the case to the appeals officer for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. David B. Barker, District Judge
Persi J. Mishel, Settlement Judge
Clark & Richards
Alverson Taylor Mortensen & Sanders
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A