# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE STEVENS,
Appellant,
vs.
ASSOCIATED RISK MANAGEMENT,
INC.,
Respondent.

No. 76917

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.[1]

Several years after his original workers' compensation claim closed, appellant Bruce Stevens experienced worsening back pain and thus reopened his claim with respondent Associated Risk Management, Inc. (ARM). When Stevens' physician released him back to work, ARM closed the claim and denied Stevens' request for further compensation, specifically, vocational rehabilitation services, based on the fact that Stevens was currently employed. On administrative appeal, the appeals officer upheld the discontinuation of benefits, but removed any requirement that Stevens reopen his claim in order to request vocational rehabilitation benefits in the future, such that it does not appear that the appeals officer ordered Stevens' claim closed. In its order on ARM's later petition for judicial review, the district court found that, to the extent the appeals officer did not order Stevens' claim closed or require Stevens to reopen his claim in

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38093

order to seek vocational rehabilitation benefits, the appeals officer erred as a matter of law. The district court also implied that, after claim closure, vocational rehabilitation benefits could only be awarded if Stevens reopened his claim. The district court therefore granted ARM's petition for judicial review in part, only overturning that portion of the appeals officer's decision that did not order Stevens' claim closed.

Stevens first contends the district court lacked jurisdiction to consider the petition for judicial review because ARM did not include his former employer in the petition's caption. We disagree as ARM served Stevens' former employer with the petition and adequately identified the employer therein. *See Prevost v. State, Dep't of Admin.*, 134 Nev. 326, 327-28, 418 P.3d 675, 676-77 (2018) (concluding that the failure to name a party in the caption of a petition for judicial review does not render it jurisdictionally defective where the petition clearly identifies, and the petitioner serves, all relevant parties); NRS 233B.130(2) (providing the requirements for a petition for judicial review). We also reject ARM's jurisdictional challenge as Stevens timely filed his notice of appeal.

Neither party challenges the appeals officer's factual findings. Rather, Stevens asserts that the appeals officer did not make any errors of law because Stevens did not have to reopen his claim in order to request vocational rehabilitation services, and the district court therefore should have denied ARM's petition. Reviewing de novo, we conclude that the appeals officer erred as a matter of law and that the district court therefore properly granted, in part, ARM's petition for judicial review. *See State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 127 Nev. 730, 735, 265 P.3d 666, 669 (2011) (reviewing an appeals officer's legal conclusions de novo).

The appeals officer should have ordered Stevens' claim closed when it affirmed the finding that Stevens' injury warranted no further care. *See* NRS 616C.235 (allowing the closure of a claim). And Nevada law requires that a claimant reopen a previously closed claim in order to receive additional compensation, which includes vocational rehabilitation services. *See* NRS 616C.390(1) (providing that an application to reopen a claim shall be granted if a change in circumstances primarily caused by the industrial injury warrants an increase in compensation); NRS 616C.590(9) (providing that an employee must request to reopen his or her claim in order to have the employee's eligibility for vocational rehabilitation benefits reinstated); *Jerry's Nugget v. Keith*, 111 Nev. 49, 53, 888 P.2d 921, 924 (1995) (holding that the compensation that can be awarded when an employee successfully reopens his or her claim based on a change in circumstances includes vocational rehabilitation services). Because Stevens must first reopen his claim to prove a change in circumstances to receive further compensation, the district court did not err in granting ARM's petition for judicial review on that issue. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ C.J.
Gibbons

_____ , J.        _____ , Sr. J.
Stiglich                          Douglas

_____

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Joanna Kishner, District Judge
Larry J. Cohen, Settlement Judge
Bertoldo Baker Carter & Smith
Law Offices of David Benavidez
Eighth District Court Clerk