# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SOPHIE LAU, AN INDIVIDUAL; JEFFREY LAU, AN INDIVIDUAL; GOOD EARTH ENTERPRISES, INC., A CALIFORNIA CORPORATION; AND LIG LAND DEVELOPMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Appellants/Cross-Respondents, vs. CITY OF LAS VEGAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CAROLYN GOODMAN, AS MAYOR OF THE CITY OF LAS VEGAS; CITY OF LAS VEGAS DEPARTMENT OF BUILDING & SAFETY, CODE ENFORCEMENT DIVISION, A DEPARTMENT OF THE CITY OF LAS VEGAS; VICKI OZUNA, CODE ENFORCEMENT MANAGER; EMILY WETZSTEIN, CODE ENFORCEMENT ASSISTANT; KEVIN MCOSKER, DIRECTOR, BUILDING AND SAFETY DEPARTMENT; AND JOHN BOYER, AS CITY COUNCIL DESIGNEE, Respondents/Cross-Appellants. | No. 82720  FILED APR 27 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal and cross-appeal from a district court final judgment from a petition for judicial review in an administrative matter. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13316

Appellants/cross-respondents Sophie and Jeffrey Lau through their various entities, the other named appellants (collectively referred to as the Laus), owned three dilapidated and unsafe properties. Respondent/cross-appellant The City of Las Vegas declared two of the properties—the El Cid Hotel and the El Cid Annex property—imminent hazards and boarded the buildings. The City then issued dangerous building notices and orders for each of the properties that required the Laus to do certain things to address the safety concerns and to demolish the buildings. The Laus opposed the abatement fees and fines assessed against them at a hearing before the City Council Designee. The Designee concluded in his written decision that the Laus lacked standing because their various entities were not registered foreign corporations in Nevada. The Laus filed a petition for judicial review, which the district court granted in part and reduced the penalties assessed against the Laus.

As an initial matter, we must address the Designee's conclusion that the Laus lacked standing to challenge the abatement fees and fines because their entities were not registered foreign corporations. NRS 80.055(6) permits an unregistered foreign corporation to defend any action or proceeding brought against it. Because the underlying administrative action concerned liens against the Laus' properties and fees and penalties sought against them, they could oppose those liens, fees, and penalties regardless of whether their entities were registered foreign corporations. While the Designee erred in reaching this conclusion, because the Laus had the opportunity to present their case and the Designee very clearly stated that the Laus's standing did not affect his ultimate decision in this matter, we conclude the Designee's erroneous conclusion regarding the Laus's standing does not warrant reversal.

Now, we turn to the Designee's decision on the merits.[1] The appellate court's role in reviewing an administrative agency's decision is identical to that of the district court, and therefore, the appellate court gives no deference to the district court's decision. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013). An agency's legal conclusions are reviewed de novo, while the agency's factual findings are reviewed for clear error or an abuse of discretion, with a focus on whether the findings are supported by substantial evidence. *Id.*; *State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 127 Nev. 730, 735, 265 P.3d 666, 669 (2011).

First, we conclude the Designee's finding that the Laus violated the requirement to have security at the buildings is supported by substantial evidence. The relevant dangerous building notices required the Laus to "[h]ire a licensed security firm to provide 24 hour security to prevent access into the substandard/dangerous building." Because the evidence in the record indicates that access into the buildings was not prevented by the

---

[1]We conclude the Laus's argument that the Designee abused his discretion by considering evidence not presented at the hearing and by permitting the City to supplement the record after the hearing lacks merit. *See, e.g.*, NRS 233B.123 (providing that in regards to a hearing subject to the Administrative Procedure Act, "[p]arties must be notified either before *or during* the hearing . . . of the material noticed, . . . and they must be afforded an opportunity to contest the material so noticed." (emphasis added)); NRS 233B.131(3)(a) (permitting an agency to modify its findings and decision "[a]fter receipt of any additional evidence"); *City of North Pole v. Zabek*, 934 P.2d 1292, 1299 (Alaska 1997) (permitting post-hearing supplementation of the record in a City hearing).

Further, to the extent the Laus contend that their due process rights were violated because they were not afforded a fair opportunity to be heard as they were not provided all relevant evidence before the hearing, they have waived this argument because the Designee twice offered to continue the hearing to remedy this issue and they rejected both offers.

security the Laus hired, substantial evidence supports the Designee's finding that the Laus failed to comply with this requirement. *See Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (explaining that "substantial evidence need not be voluminous and . . . [t]he burden on appeal is on the party opposing the administrative decision" (internal quotations omitted)).

Second, the language in the City's orders regarding the demolition of the buildings lacks clarity. Regarding the El Cid Hotel building, the City ordered that by January 18, 2019, the Laus must:

> Contact City Code Enforcement and propose and agree upon an action plan and timeframe acceptable to [the] City for you to hire a Nevada licensed contractor to obtain all required demolition permits no later than sixty (60) days from the date of this Notice, demolish the building, and remove all demolition debris, refuse, and waste from the Property.[2]

Because of the use of commas and the fact the 60-day requirement was only placed in the clause concerning the permits, the 60-day requirement only applied to obtaining permits. *See, e.g., Thompsen v. Hancock*, 49 Nev. 336, 341, 245 P. 941, 942 (1926) (explaining that the placement of a comma can indicate that a constricting term only applies to the last antecedent before the comma). Therefore, because the rest of the requirements in the order had to be completed by January 18, as written the City was requiring the building be demolished and the refuse removed within 10 days. However, such an interpretation of the order would be absurd. *See J.E. Dunn Nw., Inc. v. Corus Constr. Venture, LLC*, 127 Nev. 72, 80, 249 P.3d 501, 506 (2011)

---

[2]The order regarding the El Cid Annex building is identical, except compliance was required by January 22, 2019, instead of January 18, 2019.

("This court seeks to avoid interpretations that yield unreasonable or absurd results." (internal quotations omitted)). Therefore, there was not a specific date placed on when the buildings had to be demolished and the refuse removed.

In light of the ambiguities in the City's order, we are unable to determine if substantial evidence supports the Designee's findings that the Laus failed to comply with the demolition requirements. The evidence demonstrates that the Laus did not agree to a demolition timeline until February 20, 2019, when they were supposed to have done so by January 18, 2019, for the El Cid Hotel and January 22, 2019, for the El Cid Annex property. Nevertheless, substantial evidence does not support a conclusion that the Laus did not obtain a demolition permit for the El Cid Annex building within 60 days, as the El Cid Annex building was demolished within 61 days. The evidence in the record is unclear as to when the Laus obtained the demolition permit for the El Cid Hotel. They were required to do so by March 9, 2019, and a March 11, 2019, inspector's note indicated the permits had already been obtained, yet an April 4, 2019, inspector's note provided that the demolition permits had not yet been finalized. Further, the City did not present any argument before the Designee or this court that the Laus's demolition of either building was dilatory or that the El Cid Hotel could have been demolished quicker considering the significant asbestos present. Accordingly, we remand this matter to the Designee to determine whether the Laus failed to comply with the demolition requirements. Additionally, because we are unable to determine whether substantial evidence supports the Designee's findings, we also cannot determine if the penalties were properly ordered, as it is unclear if compliance with each requirement would have been weighted equally in determining the

penalties. Thus, we reverse and remand the penalties portion of the Designee's order.

Lastly, we conclude the abatement costs and administrative fees are supported by substantial evidence and were not unreasonable.[3] The City complied with Las Vegas Municipal Code 9.04.080(D) in declaring the properties imminent hazards, and thus, the abatement costs were supported by substantial evidence. As to the reasonableness of the abatement costs, the Laus failed to submit evidence, beyond mere argument, that the material costs were significantly higher than retail prices. The Designee considered the Laus's challenge to the abatement costs and concluded that considering the emergency conditions, the costs of abatement were appropriate. Thus, the Designee did not act arbitrarily or capriciously by denying the Laus's request to reduce the abatement costs and administrative fees, and we affirm those costs and fees. *See State, Tax Comm'n v. Am. Home Shield of Nev., Inc.*, 127 Nev. 382, 385, 254 P.3d 601, 603 (2011) (explaining that an agency abuses its discretion when its decision was arbitrary or capricious). Accordingly, we

---

[3]The Laus argue that the abatement costs and administrative fees related to the third property must be reversed because the issue was not heard at the Designee's hearing. They, however, have waived this argument because they terminated the hearing before the City was able to present evidence concerning this property, and instead, the Laus requested the issue be submitted to the Designee based on the evidence already admitted in the record.

Additionally, the City contends this court need not consider the Laus challenge of the abatement costs and administrative fees because they waived it by not raising it in their petition for judicial review, but the record belies this argument.

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Jessica K. Peterson, District Judge
       Stephen E. Haberfeld, Settlement Judge
       Law Office of Andrew H. Pastwick, LLC
       Las Vegas City Attorney
       Eighth District Court Clerk