CARLOS R. ELIZONDO, APPELLANT, *v.* HOOD MACHINE, INC.; AND EMPLOYERS INSURANCE COMPANY OF NEVADA, RESPONDENTS.

No. 61229

November 7, 2013                                         312 P.3d 479

*Evan B. Beavers*, Nevada Attorney for Injured Workers, and *Mary Bartell*, Deputy Attorney for Injured Workers, Carson City, for Appellant.

*Beckett, Yott, McCarty & Spann, Chtd.*, and *James A. McCarty*, Reno, for Respondents.

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we are asked to determine whether the appeals officer's conclusory order in a workers' compensation matter failed to meet the statutory requirements of NRS 233B.125, and whether the doctrines of claim and issue preclusion apply to require dismissal of Carlos Elizondo's fourth request to reopen an industrial injury claim under NRS 616C.390. We conclude that the appeals officer's order was procedurally deficient and that the appeals officer erred by applying the doctrines of issue and claim preclusion to bar Elizondo's request to reopen his claim. Therefore, we reverse and remand.

### *FACTS AND PROCEDURAL HISTORY*

While employed by respondent Hood Machine, appellant Carlos Elizondo sustained an abdominal injury in 2000 and filed an industrial injury claim. Hood Machine's insurer, respondent Employers Insurance Company of Nevada (EICON), accepted the claim at least partly based upon a CT scan that indicated a potential left inguinal hernia.[1] The record is not entirely clear as to what then transpired, but it appears that after evaluation and treatment, no evidence of a hernia was found. In 2001, Dr. Susan Ramos concluded that Elizondo was stable and ratable. Thereafter, the physician who conducted Elizondo's permanent partial disability (PPD) examination gave him a zero-percent disability rating, and EICON closed his claim later that same year.

### *Prior requests to reopen claim*

On three prior occasions, Elizondo requested that his claim be reopened, all of which requests were denied. In 2002, his request to reopen was based upon opinions from physicians, including Dr. Ramos, that he should have further testing because of the continued abdominal pain he was experiencing. After that claim was denied, he again sought to reopen the claim in 2004, this time using the report of a different doctor, which stated that he did in fact have a left inguinal hernia. However, this doctor could not state

---

[1] The record in this case does not contain the supporting documents for the original claim, and subsequent claims and denials. Furthermore, the appeals officer's decision at issue in this case made no findings of fact as to what transpired concerning the original and prior claims. Therefore, this court must rely on statements made by the parties in briefs and motions for the majority of these facts.

whether the hernia was related to the injury suffered in 2000, and the claim was again denied.

In 2007, Elizondo again sought to reopen his claim. This time he presented a new opinion from Dr. Ramos where she stated that the small hernia originally was not easily found but was now easily identifiable. Dr. Ramos provided her belief that the hernia related back to the original injury in 2000. The claim was again denied, and Elizondo petitioned the district court for judicial review of the denial. In denying Elizondo's petition, the district court reasoned that Elizondo had "failed to produce any evidence that the primary cause of the change of circumstances [was] the injury for which the claim was originally made," and that "no doctor has stated that the hernia is a result of the injury that occurred in 2000," and thus, substantial evidence supported the appeals officer's determination.

Elizondo appealed the district court's order, and this court affirmed the denial of judicial review, explaining, similarly to the district court, that "none of the medical reports that were properly before the appeal[ ]s officer concluded that [Elizondo]'s original injury in 2000 was the primary cause of the hernia," and therefore, substantial evidence supported the determination.

### Fourth request to reopen claim

In 2011, Elizondo filed a fourth request to reopen his claim. In this request, Elizondo included a letter dated July 19, 2011, from Dr. Ramos. In her letter, Dr. Ramos opined that Elizondo "has a definite left inguinal hernia," and "that this hernia is a result of the original injury[,] and the claim should be reopened[,] and he should have the hernia fixed." Elizondo's fourth request was again denied by EICON.

Elizondo again administratively appealed the denial of his request, and the hearing officer affirmed the denial. The hearing officer explained that "[t]he medical reporting from Dr. Ramos is a reaffirmation of her prior opinion regarding causation and does not meet the requirements of NRS 616C.390. The standard required for admissibility of an expert opinion regarding causation is a 'reasonable degree of medical probability.'" Elizondo then administratively appealed from the hearing officer's decision. Before the appeals officer, EICON moved to dismiss, arguing that Elizondo was precluded from reopening his claim under the doctrine of res judicata. In a short order, without providing any factual and legal explanation, the appeals officer granted EICON's motion to dismiss, summarily concluding that:

> The Employers Insurance Company of Nevada (EICN) filed its Motion to Dismiss on January 9, 2012. The Claimant filed his Opposition on January 27, 2012. EICN filed its Reply on February 6, 2012.

After careful consideration of all of the pleadings and papers on file, and for good cause, the Appeals Officer adopts the arguments of the Insurer, and therefore, the Motion to Dismiss is GRANTED.

Elizondo filed a petition for judicial review and argued before the district court that the appeals officer's order failed to meet the statutory requirements of NRS 233B.125 and that it was not supported by substantial evidence. EICON contended that Elizondo had repeatedly failed to state a new cause of action allowing him to withstand application of the doctrine of res judicata and to re-litigate his request to reopen his claim. In denying the petition, the district court concluded that because "Elizondo has not stated a new cause of action that can withstand the application of *res judicata*, whether applying issue or claim preclusion, as both of those theories preclude the re-litigation of his request for reopening," there was no error of law in the appeals officer's decision. Elizondo now appeals.

## DISCUSSION

On appeal, "[t]he standard for reviewing petitions for judicial review of administrative decisions is the same for this court as it is for the district court." *City of N. Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011); *see also City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011) ("We do not give any deference to the district court decision when reviewing an order regarding a petition for judicial review.") "We review an administrative agency's factual findings 'for clear error or an arbitrary abuse of discretion' and will only overturn those findings if they are not supported by substantial evidence." *Warburton*, 127 Nev. at 686, 262 P.3d at 718 (quoting *Day v. Washoe Cnty. Sch. Dist.*, 121 Nev. 387, 389, 116 P.3d 68, 69 (2005)). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion." *Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008). This court "will 'not reweigh the evidence or revisit an appeals officer's credibility determination.'" *City of Las Vegas v. Lawson*, 126 Nev. 567, 571, 245 P.3d 1175, 1178 (2010) (quoting *Milko*, 124 Nev. at 362, 184 P.3d at 384).

A de novo standard of review is applied when this court addresses a question of law, "including the administrative construction of statutes." *Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. 150, 153, 274 P.3d 759, 761 (2012); *Sierra Nev.*

*Adm'rs v. Negriev*, 128 Nev. 478, 481, 285 P.3d 1056, 1058 (2012). "Like the district court, [this court] decide[s] 'pure legal questions without deference to an agency determination.'" *City of Reno*, 127 Nev. at 119, 251 P.3d at 721 (quoting *Jones v. Rosner*, 102 Nev. 215, 217, 719 P.2d 805, 806 (1986)).

## *The appeals officer's order failed to meet the statutory requirements of NRS 233B.125*

Elizondo argues that the appeals officer's order fails to meet the statutory requirements of NRS 233B.125 because the order summarily dismissed Elizondo's claim and does not include any specific findings of fact or citation to the law that the appeals officer relied on in reaching her conclusion. Furthermore, Elizondo asserts that the order fails to support its final determination by applying the facts to the law. We agree.

NRS 233B.125 governs adverse written orders in administrative proceedings and states, in pertinent part, that "a final decision *must include findings of fact and conclusions of law, separately stated.*" (Emphasis added.) As we have consistently recognized, "factual findings not only help ensure that the administrative agency engages in reasoned decision making, but they also facilitate judicial review." *Dickinson v. Am. Med. Response*, 124 Nev. 460, 469, 186 P.3d 878, 884 (2008). Factual findings enable the courts to evaluate the administrative decision without intruding on the agency's fact-finding function. *Id.*

Here, under the plain and unambiguous language of NRS 233B.125, the appeals officer's order should have "include[d] findings of fact and conclusions of law, separately stated." *See Warburton*, 127 Nev. at 686, 262 P.3d at 718 (stating that this court will not look beyond statutory language that is plain and unambiguous). Instead, the appeals officer's order made reference to and generally adopted EICON's arguments as pleaded in its motion to dismiss. There is no indication in the record that EICON intended for its motion to dismiss to serve as "proposed findings of fact," and even if such intended purpose existed, the appeals officer failed to "include a ruling upon each proposed finding," as required by NRS 233B.125. Without any findings, it is not clear upon which facts the appeals officer relied in determining that claim or issue preclusion applied here.

Therefore, we conclude that the appeals officer's order fails to meet the statutory requirements of NRS 233B.125 and is thus procedurally deficient. Because the appeals officer's order is deficient, it precludes adequate review on appeal and prevents this court from determining whether Elizondo's substantial rights were violated.

*See* NRS 233B.135(3) (stating that remand may be necessary "if substantial rights of the petitioner have been prejudiced").

*The appeals officer erred in applying the doctrines of claim and issue preclusion to bar Elizondo's request to reopen his workers' compensation claim pursuant to NRS 616C.390*

Elizondo argues that his statutory right under NRS 616C.390 to request a reopening of his claim cannot be defeated by the application of res judicata—either claim or issue preclusion[2]—because such application has been rejected by this court in *Jerry's Nugget v. Keith*, 111 Nev. 49, 888 P.2d 921 (1995). EICON contends that the application of preclusion principles in an administrative proceeding does not violate any statutory or procedural law and does not constitute an error of law.

NRS 616C.390 governs the reopening of industrial injury claims. Upon written application, the insurer is required to reopen a claim if:

> (a) A change of circumstances warrants an increase or rearrangement of compensation during the life of the claimant;
>
> (b) The primary cause of the change of circumstances is the injury for which the claim was originally made; and
>
> (c) The application is accompanied by the certificate of a physician or a chiropractor showing a change of circumstances which would warrant an increase or rearrangement of compensation.

NRS 616C.390(1). In *Jerry's Nugget*, this court considered whether an employee's request to reopen his workers' compensation claim under this statute could be barred by the doctrines of issue and claim preclusion.[3] 111 Nev. at 54-55, 888 P.2d at 925. This court specifically addressed the application of NRS 616.012(3),[4] which provides that the provisions of the workers'

---

[2]Res judicata encompasses two doctrines: (1) claim preclusion and (2) issue preclusion. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1051-52, 194 P.3d 709, 711 (2008). "[C]laim preclusion may apply in a suit to preclude both claims that were or could have been raised in a prior suit, while issue preclusion would not preclude those issues not raised in the prior suit." *Id.* at 1056, 194 P.3d at 714. This court has adopted the terms of claim preclusion and issue preclusion, over the use of "res judicata." *Id.* at 1054, 194 P.3d at 713.

[3]The court in *Jerry's Nugget* was interpreting NRS 616.545, which was renumbered as NRS 616C.390, the statute at issue here. However, the language of NRS 616.545, the statute pertinent to the analysis in *Jerry's Nugget*, was not altered in the enumeration to NRS 616C.390.

[4]NRS 616.012 has also been renumbered since the decision in *Jerry's Nugget* and is now NRS 616A.010, but the language remains the same.

compensation statutes " 'are based on a renunciation of the rights and defenses of employers and employees recognized at common law.' " *Id.* at 55, 888 P.2d at 925 (quoting NRS 616.012(3), which has been renumbered as NRS 616A.010). While we questioned the Legislature's intent to completely bar issue and claim preclusion in the workers' compensation context, we nevertheless concluded that the Legislature intended the terms of the workers' compensation statutes to control the awarding or denial of benefits, which prevents use of the doctrines of issue and claim preclusion as defenses to reopening a claim if an employee can show a change in circumstance. *Id.*

Issue and claim preclusion are common law doctrines used as defenses to bar the relitigation of claims or issues previously litigated. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712 (2008) (defining the test in Nevada for when claim and issue preclusion may serve as a defense); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Quintana v. Baca*, 233 F.R.D. 562, 566 (C.D. Cal. 2005); *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005); 50 C.J.S. *Judgments* § 931 (2009). Thus, given the statutory bar to the common law defenses discussed above, the court in *Jerry's Nugget* correctly rejected the use of issue and claim preclusion doctrines as defenses in a workers' compensation case.[5]

As such, to the extent that the district court rejected Elizondo's request to reopen his claim based on the doctrines of issue and claim preclusion, it committed error. The proper analysis under *Jerry's Nugget* is whether there is a change of circumstance. Because the district court failed to provide any findings of fact or conclusions of law, this court cannot properly review the appeals officer's determination that there was no change of circumstances warranting reopening under NRS 616C.390. Therefore, we reverse the district court's order denying Elizondo's petition for judicial review and direct the district court to remand the matter to

---

[5]This court recognizes that other jurisdictions have determined that issue and claim preclusion can apply to the reopening of a workers' compensation claim. *See, e.g., Stainless Specialty Mfg. Co. v. Indus. Comm'n of Ariz.*, 695 P.2d 261, 264 (Ariz. 1985); *Feeley v. Indus. Claim Appeals Office of State*, 195 P.3d 1154, 1156 (Colo. App. 2008); *AMP, Inc. v. Ruebush*, 391 S.E.2d 879, 881 (Va. Ct. App. 1990). However, those courts do not identify or reference a statutory scheme similar to the one in Nevada, where the Legislature expressly abrogated common law rights and defenses in the workers' compensation context. Nevada's law is therefore distinguishable.

the appeals officer so that findings of fact and conclusions of law may be properly made.[6]

PARRAGUIRRE and CHERRY, JJ., concur.

---

[6]Given our disposition in this matter, it is not necessary for us to reach the merits of Elizondo's argument that the protection of his substantial rights requires that EICON's motion to dismiss be treated as a motion for summary judgment. Nor do we consider the merits of EICON's argument that the appeals officer correctly applied the law-of-the-case doctrine in taking judicial notice of the prior decisions related to this matter and correctly relied on prior findings in those appeals.