An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HARD ROCK HOTEL & CASINO; AND
YORK RISK SERVICES GROUP, INC.,
Appellants,
vs.
KAREN ROEHL,
Respondent.

No. 64864

FILED

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Respondent Karen Roehl suffered an industrial injury in June 2010, and her subsequent workers' compensation claim was accepted for cervical strain and post-concussion syndrome, only. Respondent was seen by many doctors for a multitude of complaints and began vestibular therapy. On October 6, 2010, the former workers' compensation administrator for respondent's employer,[1] appellant Hard Rock Hotel & Casino, noted that respondent had missed, cancelled, or rescheduled appointments related to her industrial injury and consequently suspended respondent's benefits until she attended an appointment with Dr. Victor Klausner. Respondent attended the appointment five days later, on October 11. Dr. Klausner's report from that appointment noted that respondent refused a physical exam, and he recommended that she undergo another posturography to establish whether she truly suffered from vestibular issues or, instead, magnified symptoms. Benefits were not

---

[1]The workers' compensation administrator is now appellant York Risk Services Group, Inc.

15-27626

reinstated, and on October 27, respondent failed to appear at either the posturography testing or her appointment with Dr. Klausner. The doctor then reviewed her records and released her to full-duty work; he noted that no further treatment was recommended, no permanent disability existed, and the claim should be closed. Appellants issued a claim closure letter the next day. Respondent challenged both the suspension of benefits and claim closure, and after ordering an independent medical examination performed by Dr. Ronald Kong, the appeals officer affirmed the suspension of benefits between October 27, 2010, and July 13, 2011, when respondent underwent the recommended posturography, and reversed the suspension of benefits on other dates. The appeals officer also reversed claim closure to the extent that Dr. Kong ordered three months of psychological support and a permanent partial disability evaluation. The district court denied appellants' petition for judicial review, and they appealed.

In reviewing the appeals officer's decision, we apply the same standard as the district court. *See Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 383 (2008) (explaining that this court reviews an agency decision for clear error or an arbitrary and capricious abuse of discretion). While purely legal questions are reviewed de novo, the appeals officer's fact-based conclusions of law are entitled to deference when supported by substantial evidence. *Id.* at 362, 184 P.3d at 383-84.

Regarding the reversal of claim closure, the appeals officer's decision is entitled to deference. Appellants argue that the appeals officer should have relied on Dr. Klausner's October 27, 2010, report recommending claim closure and Dr. Kong's January 28 and August 1, 2012, reports indicating that respondent did not need any further treatment for her industrial injuries. But the appeals officer expressly

discounted Dr. Klausner's report because he had not examined respondent and appeared to base his decision on her noncooperation. *Elizondo v. Hood Mach., Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 482 (2013) (explaining that this court does not reweigh evidence or disturb the appeals officer's credibility determinations). Moreover, earlier that month, Dr. Klausner indicated that respondent might have industrial injury-related vestibular issues and ordered a posturography.

Further, Dr. Kong stated that respondent suffered from post-concussion syndrome but her "pervasive pathology" was nonindustrial, preexisting depression. Accordingly, he opined that she was at maximum medical improvement and did not recommend any further treatment, except for three months of psychological support. The appeals officer did not abuse his discretion in interpreting Dr. Kong's support recommendation as related to respondent's unresolved post-concussion syndrome, especially in light of the recommendations from Dr. Karen Lopez and Dr. David Ginsburg concerning respondent's post-concussion syndrome. *See* NRS 616C.360(4) (appeals officer may consider the opinion of an examining physician). Finally, Dr. Kong also indicated that respondent should be evaluated for permanent partial disability before claim closure, which had not been recommended before or included in appellants' claim closure letter. Accordingly, the appeals officer did not abuse his discretion in reversing claim closure for the purposes of providing the recommended three months of support and a permanent partial disability evaluation.

With respect to reinstating benefits, respondent completed the required testing on July 13, 2011. Therefore, benefits were properly reinstated as of that date. NRS 616C.140(5) (insurer may suspend benefits until examination has occurred). Further, respondent was

restricted from returning to full-duty work as a shuttle driver by her physicians, and her employer did not offer her any work within her limitations. The appeals officer correctly found that any delays in the resolution of the case were not caused by respondent. *See* NRS 616C.360(3) (appeals officer may order independent medical examination). Therefore, the appeals officer's decision regarding the suspension and reinstatement of benefits was based on substantial evidence. NRS 616C.245 (governing accident benefits); NRS 616C.475 (governing temporary total disability).

As the appeals officer's decision was based on substantial evidence, it is entitled to deference. Accordingly, the district court properly denied appellants' petition for judicial review, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kenneth C. Cory, District Judge
       Janet Trost, Settlement Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Nevada Attorney for Injured Workers/Carson City
       Nevada Attorney for Injured Workers/Las Vegas
       Eighth District Court Clerk