An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

OLGA ESTRADA,
Appellant,
vs.
MANDALAY BAY RESORT &
CASINO/MGM RESORTS
INTERNATIONAL,
Respondent.

No. 65108

FILED

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER AFFIRMING IN PART, REVERSING IN PART
AND REMANDING*

This is an appeal from a district court order denying a petition for judicial review of a workers' compensation matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant Olga Estrada suffered an industrial injury to her lower back in April 2009 while working as a laundry assistant for respondent Mandalay Bay Resort & Casino. Her workers' compensation claim was accepted, she received treatment but did not miss any work, and her claim was closed later that year without a permanent partial disability award. She was released to full duty work. In February 2010, she reported an increase in back pain and later that month underwent microdiscectomy and decompression surgery at the lumbrosacral joint, L5-S1. She requested respondent to reopen her claim in August 2010, but that request was denied. An appeals officer affirmed the denial, concluding that there was insufficient evidence to establish that, as of February 2010, appellant's lumbar condition had changed to warrant reopening or that surgery was needed on an emergency basis. The appeals officer also pointed out that, by August 2010 when reopening was requested, appellant's lower back condition had changed significantly due to the "nonindustrial" surgery, such that appellant could not demonstrate an objective change primarily caused by the industrial injury at that time.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27645

As a result, reopening was denied. Appellant's petition for judicial review was summarily denied, and appellant appealed.

Because appellant was not off work and did not receive permanent partial disability benefits with regard to her industrial injury, and because she sought reopening within one year of claim closure, her claim must be reopened if "[a] change of circumstances warrants an increase or rearrangement of compensation," the change in circumstances was primarily caused by the industrial injury, and a physician's certificate so states. NRS 616C.390(1), (5) (2005). Accordingly, the appeals officer erred in basing her decision on appellant's failure to demonstrate an objective change in her industrial injury, which is the reopening standard in other circumstances. *See* NRS 616C.390(4) (providing that, except when subsection 5 is met, claimants seeking reopening within one year of claim closure must show "an objective change in the medical condition" and prove by clear and convincing evidence that the primary cause of the change is the industrial injury); *Elizondo v. Hood Mach., Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 482 (2013) (stating that, while this court reviews an appeals officer's factual findings for substantial evidence, a de novo standard is applied to the appeals officer's legal question determinations). Thus, all appellant needed to show, by a preponderance of the evidence, *see* NRS 616C.150(1), was a change warranting additional compensation, primarily caused by her industrial injury.

With regard to changed circumstances, on June 24, 2010, Dr. Jaswinder Grover wrote a letter stating that, within a reasonable degree of medical probability, appellant's 2010 lumbar disc herniation condition was causally related to her 2009 industrial injury, the symptoms of which had progressed to the point where surgery, along with follow-up care and further attention, were required. Further, Dr. David Garber, who

performed appellant's independent medical exam on May 11, 2012, also acknowledged that the lumbar surgery was adequate treatment of appellant's industrial injury. While Dr. Garber indicated no further surgery was necessary, he did not appear to address whether other types of treatment might be needed.

Neither of these doctors was discredited by the appeals officer, and none of the evidence suggests that appellant's current lumbar condition stems from a nonindustrial cause. Thus, although magnetic resonance imaging showing that appellant suffered a disc herniation before her claim was closed supports the appeals officer's finding that no objective physical change was shown, there nevertheless exists evidence that would support a finding of changed circumstances warranting an increase or rearrangement of compensation, including, possibly, post-surgical care and evaluation for partial disability benefits. *See, e.g.*, *City of Scottsdale v. Indus. Comm'n*, 764 P.2d 335 (Ariz. Ct. App. 1988) (reopening a workers' compensation claim when the medical recommendation for the claimant's industrial back injury changed from conservative treatment to surgery). Accordingly, we reverse the portion of the district court's order upholding the appeals officer's decision to deny reopening and we remand this matter to the district court with instructions to in turn remand it to the appeals officer. The appeals officer on remand must analyze appellant's reopening request under the correct legal "changed circumstances" standard.

The appeals officer also concluded that appellant failed to demonstrate that the lumbar surgery was properly performed on an emergency basis. As there is no mention in any of the surgical reports that it was undertaken on an emergency basis and no reasons offered as to why it was impracticable to formally seek reopening and authorization

prior to the surgery, the appeals officer's decision on this issue is supported by substantial evidence. NRS 616C.390(8) ("An increase or rearrangement of compensation is not effective before an application for reopening a claim is made unless good cause is shown. The insurer shall, upon good cause shown, allow the cost of emergency treatment the necessity for which has been certified by a physician or a chiropractor."); *see also* NAC 616C.126 and 616C.129 (outlining, respectively, the requirements for obtaining emergency treatment and seeking prior authorization). Accordingly, the district court's order, insofar as it upheld the appeals officer's decision that respondent is not liable for the costs of the February 2010 surgery, is affirmed. We thus

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                        Cherry

cc:     Hon. Kenneth C. Cory, District Judge
        Richard A. Harris, Settlement Judge
        Benson, Bertoldo, Baker & Carter, Chtd.
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Eighth District Court Clerk