An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRADLEY S.,
Appellant,
vs.
SHERRY N., F/K/A SHERRY S.,
Respondent.

No. 64237



FILED

NOV 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to terminate a child support obligation. Second Judicial District Court, Washoe County; Linda M. Gardner, Judge.

Appellant Bradley S. was married to respondent Sherry N. During their marriage, Bradley and Sherry had three biological children, adopted five children, and cared for J.S., whom they did not formally adopt. J.S. began residing with Bradley and Sherry shortly after he was born in October 2003. Neither Bradley nor Sherry is J.S.'s biological parent.

In 2009, Bradley and Sherry filed a marital settlement agreement and request for a divorce. In this agreement, they stipulated that they had three minor children, including J.S. The agreement provided that Bradley and Sherry were to have joint legal custody of their minor children and that they would complete the adoption of J.S. Finally, the agreement provided that Bradley was to pay child support for the children. Later that year, the district court entered an order adopting Bradley and Sherry's settlement agreement and granting a divorce.

In 2013, Bradley filed a pro se motion to terminate his obligation to pay child support for J.S. In the motion, Bradley alleged that (1) he was not J.S.'s legal or biological father, (2) Sherry interfered with

Bradley's relationship with J.S., (3) J.S.'s biological parents retained legal custody of him, and (4) Sherry was not acting in J.S.'s best interests.

The district court denied Bradley's motion to terminate child support because it found that claim preclusion prevented the relitigation of the issue of Bradley's duty to pay child support. Bradley then appealed. In 2014, this court ordered the appointment of pro bono appellate counsel for each party.

Bradley raises the following issues on appeal: (1) whether the district court erred by applying claim preclusion to deny Bradley's motion to terminate child support, and (2) whether the district court abused its discretion by not treating Bradley's motion to terminate child support as a motion to modify the amount of child support. We conclude that the district court correctly applied claim preclusion to deny Bradley's motion to terminate child support because the divorce decree resolved the issue of whether Bradley had a duty to pay child support. Additionally, recognized exceptions to the doctrine of claim preclusion do not apply to this case, and Bradley failed to demonstrate that this court should rely on public policy to expand or create an applicable exception to the doctrine of claim preclusion. We further conclude that Bradley waived the issue of whether the district court abused its discretion by refusing to modify the amount of child support that he owes by not raising this issue before the district court.

*The district court properly applied claim preclusion to deny Bradley's motion to terminate child support*

"Whether claim preclusion is available is a question of law reviewed de novo." *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev., Adv. Op. 64, 262 P.3d 1135, 1137 (2011). Claim preclusion is a defense that prevents the relitigation of a previously resolved claim.

*Elizondo v. Hood Mach., Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 483 (2013). It "protect[s] the finality of decisions and prevent[s] the proliferation of litigation" and applies "to defenses and compulsory counterclaims" that could have been brought in the prior action. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev., Adv. Op. 80, 266 P.3d 602, 605 (2011) (internal quotations omitted). This doctrine can apply to divorce decrees incorporating marital settlement agreements that resolve issues of paternity and child support obligations. *Love v. Love*, 114 Nev. 572, 575, 959 P.2d 523, 526 (1998); *Willerton v. Bassham*, 111 Nev. 10, 14, 889 P.2d 823, 825 (1995).

Claim preclusion applies when "(1) the final judgment is valid, . . . (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case, and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a good reason for not having done so. *Weddell v. Sharp*, 131 Nev., Adv. Op. 28, 350 P.3d 80, 85 (2015) (emphasis omitted) (citation omitted) (internal quotations omitted).

Here, Bradley does not dispute whether the second or third elements of claim preclusion were fulfilled. Therefore, we limit our analysis to whether the first element of claim preclusion is met.

*The divorce decree is a valid prior judgment*

The second element of claim preclusion is that there is a valid prior judgment. *See id.* It is a "well settled rule that a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong." *Reed v. Allen*, 286 U.S. 191, 201 (1932). Furthermore, "a judgment entered by the court on

consent of the parties after settlement or by stipulation of the parties is as valid and binding a judgment between the parties as if the matter had been fully tried." *Willerton v. Bassham*, 111 Nev. at 16, 889 P.2d at 826.

Here, the parties executed a marital settlement agreement which provided that Smith was to pay child support for the children, including J.S., and identified a presumptive amount that Smith was to pay. The terms of this agreement, including Smith's child support obligations, were incorporated into the parties' divorce decree. Accordingly, a judgment was entered by the court on consent of the parties after settlement and is thus valid and binding between the parties. *Id.*

*Existing exceptions to claim preclusion do not apply*

This court has recognized two exceptions to the claim preclusion doctrine that are relevant to the present dispute. The first exception is that "[a] decision of paternity will not operate as res judicata where extrinsic fraud existed in the original proceeding." *Love,* 114 Nev. at 576, 959 P.2d at 526.

The second exception is the rule that this court applied in *Willerton.* 111 Nev. at 21-22, 889 P.2d at 830. In *Willerton*, a mother, a putative father, and the state, in its capacity as the child's guardian ad litem, disputed the paternity of a child and the putative father's child support obligations. *Id.* at 12, 889 P.2d at 824. All three parties then entered into a settlement agreement whereby the putative father would pay child support and the issue of paternity would not be resolved. *Id.*

Subsequently, the mother and child brought a second lawsuit against the putative father to determine paternity. *Id.* at 13, 889 P.2d at 825. Although it recognized that the "stipulation-based judgment [was] binding on the mother and precludes a later action asserting a claim or cause of action to determine paternity," this court reasoned that claim

preclusion was not binding on the *child* because "[a] minor child . . . has legal interests that flow from a determination of paternity beyond the right to collect support." *Id.* at 21-22, 889 P.2d at 830 (emphasis added). As a result, this court concluded that the child could maintain an action to determine paternity even if the child was a party to the initial action whose resolution would have ordinarily precluded his or her claim. *Id.* at 24, 889 P.2d at 832.

Here, neither recognized exception to claim preclusion applies. First, Bradley does not argue, and the record does not suggest, that extrinsic fraud affected the divorce proceedings or caused him to believe that he was J.S.'s biological or legal father. *See Love,* 114 Nev. at 576, 959 P.2d at 526. Instead, the record suggests the opposite: both Sherry and Bradley pleaded that they had not completed the adoption of J.S. Thus, Bradley has not demonstrated that this exception applies.

Second, the *Willerton* exception for a child's subsequent paternity claim is not applicable because Bradley, not J.S., is the party against whom the district court applied claim preclusion. *See Willerton,* 111 Nev. at 21-22, 889 P.2d at 830. Furthermore, paternity is not the issue here. The judgment notes the non-biological relationship by incorporation, as the marital agreement stipulated that the parties were to complete the adoption of J.S.

Thus, Bradley has not demonstrated that this exception applies. Therefore, these recognized exceptions to the doctrine of claim preclusion do not prevent its application in the present case.

*Bradley fails to demonstrate that public policy warrants a new or expanded exception to the application of claim preclusion*

Bradley argues that public policy should prevent him from being liable for future child support payments for J.S. because being

 

required to support someone else's child is fundamentally unfair. He also argues that applying claim preclusion in this case would improperly discourage people from caring for children that are not theirs.

"[U]nder the doctrine of *stare decisis*, we will not overturn [existing precedent] absent compelling reasons for so doing. Mere disagreement does not suffice." *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnotes omitted). Thus, more than a preference for a different policy is necessary for this court to overturn a prior decision. *Id.*

We recognize that Bradley identifies a valid policy concern about the unfairness of being compelled to support someone else's child. However, this court has already established a balance between this policy interest and the claim preclusion's policy of protecting the finality of judgments because it recognizes an exception to claim preclusion for prior judgments that were obtained by extrinsic fraud. *See Love,* 114 Nev. at 576, 959 P.2d at 526 (articulating the extrinsic fraud exception to claim preclusion); *see also Five Star,* 124 Nev. at 1058, 194 P.3d at 715 (identifying claim preclusion's public policy rationale).

Bradley provides no analysis to show that this court has unreasonably balanced these two public policies. Furthermore, he fails to provide any meaningful analysis to suggest that the application of claim preclusion in the present case would discourage a person from caring for children to whom he or she does not have a legal obligation. Here, claim preclusion arises from a district court order imposing child support liability on Bradley and not from any provision of support that Bradley actually made for J.S. Bradley has not demonstrated that a new or expanded exception to the doctrine of claim preclusion is warranted.

Therefore, Bradley fails to demonstrate a compelling reason to abandon this court's prior jurisprudence limiting this exception to claim preclusion. *See Miller*, 124 Nev. at 597, 188 P.3d at 1124.

*Claim preclusion prevents Bradley from litigating the present claim*

The district court's prior order was a valid judgment unaffected by extrinsic fraud, and Bradley does not contest the other two elements of claim preclusion. Thus, all three elements of claim preclusion are met. Neither potentially relevant exception to claim preclusion applies. Finally, Bradley fails to demonstrate a compelling reason for this court to abandon its prior caselaw and expand the exceptions to the doctrine of claim preclusion. Therefore, the district court correctly applied the doctrine of claim preclusion to deny Bradley's motion to terminate child support.

*Bradley waived the issue of whether the district court abused its discretion by refusing to modify the amount of child support that he owes by not raising this issue before the district court*

"This court reviews the district court's decisions regarding child support for an abuse of discretion." *Rivero v. Rivero*, 125 Nev. 410, 438, 216 P.3d 213, 232 (2009). When considering a claim, this court "must look at the substance of the claim[], not just the label[] used in the . . . complaint." *Nev. Power Co. v. Eighth Judicial Dist. Court*, 120 Nev. 948, 960, 102 P.3d 578, 586 (2004). However, "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

In his motion to terminate child support for J.S., Bradley alleged that (1) he was not J.S.'s legal or biological father, (2) Sherry interfered with his relationship with J.S., (3) J.S.'s biological parents

retained legal custody of J.S., and (4) Sherry was not acting in J.S.'s best interests. Bradley concluded his motion by seeking relief from the legal duty to pay child support. In this motion, Bradley did not seek to have the amount of his child support obligation modified. Thus, he did not raise the issue of modifying the amount of his child support obligation before the district court and waived this issue on appeal. *See id.* Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. David Humke, District Judge
     Karen K. Wong
     Pisanelli Bice, PLLC
     Washoe District Court Clerk