IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN REEVES,
Appellant,
vs.
DIVISION OF INDUSTRIAL RELATIONS;
THE STATE OF NEVADA DEPARTMENT
OF ADMINISTRATION, APPEALS
DIVISION; AND CANNON COCHRAN
MANAGEMENT SERVICES, INC.,
Respondents.

No. 62468

FILED

JAN 27 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Below, appellant Susan Reeves alleged that respondent Cannon Cochran Management Services, Inc. (CCMSI), the insurer administering her workers' compensation claim, committed statutory violations so as to warrant a benefit penalty award. In particular, Reeves asserted that benefit penalties should be imposed because CCMSI refused or delayed payment of benefits due and intentionally failed to comply with industrial insurance statutes and regulations, see NRS 616D.120(1)(c) and (i), based primarily on three actions: (1) failure to adequately complete an oral communications log, (2) failure to pay or delaying payment of temporary total disability benefits, and (3) failure to supply a disability certification form. The Division of Industrial Relations (DIR) denied the benefit penalties request, and an appeals officer affirmed. Reeves' petition for judicial review was then denied, and Reeves appealed. Having considered the parties' arguments and reviewed the record, we conclude that substantial evidence supports the appeals officer's conclusion that Reeves was not entitled to a benefit penalty and that that decision was not

16-02878

affected by legal error, and thus, we affirm the district court's order denying Reeves' petition for judicial review. NRS 233B.135(3)(e), (f); *Elizondo v. Hood Mach., Inc.*, 129 Nev., Adv. Op. No. 84, 312 P.3d 479, 482 (2013).

With respect to the oral communications log, although the log may have been deficient, *see* NRS 616D.330(1)(a)(1), there is no evidence in the record showing that CCMSI intentionally failed to comply with the governing provisions so as to warrant a benefit penalty. NRS 616D.120(1)(i), (3). Further, no specific details of what was said at the meeting are required. NRS 616D.330(1)(a)(1). Finally, Reeves' letter to DIR only requested assistance in obtaining the record of the meeting and did not allege CCMSI's deficient record-keeping.

Next, Reeves argues that she is entitled to a benefit penalty based on CCMSI's failure to timely provide her with TTD benefits due, in violation of NRS 616D.120. However, Reeves' claim was closed when she contacted the DIR, and it currently remains closed. Therefore, it appears that Reeves has conceded this argument. Regardless, Reeves' argument fails because a benefit penalty will be imposed under this provision only when an insurer "[r]efused to pay or unreasonably delayed payment to a claimant of compensation or other relief found to be due the claimant by a hearing officer, appeals officer, court of competent jurisdiction, written settlement agreement [or] written stipulation." NRS 616D.120(1)(c). Although Reeves contends that she received TTD benefits until the insurer wrongfully closed her claim in 1998, the record does not contain any evidence that TTD benefits were paid, and there is no determination in the record that Reeves was owed TTD benefits at any time. Because there is no evidence that TTD benefits were found due to Reeves by a hearing officer, appeals officer, court, or by other agreement, the record

supports the appeals officer's conclusion that there was no unreasonable delay in paying TTD benefits and Reeves was therefore not entitled to a benefit penalty.

Finally, CCMSI was not required by the statutes or regulations to provide a disability certification form. NRS 616C.475(6) ("Each insurer *may*, with each check that it issues to an injured employee for a temporary total disability, include a form approved by [DIR] for the injured employee *to* request continued compensation for the temporary total disability." (Emphasis added)). The record contains no evidence of Reeves' disability during the period for which TTD benefits were requested, regardless of whether a specific form was used, and DIR does not have authority over contested claims for workers' compensation benefits. Therefore, no violation based on CCMSI's refusal to supply a specific form to Reeves has been shown. Accordingly, as the appeals officer's decision to deny benefit penalties was based on substantial evidence and legally correct,[1] we

ORDER the judgment of the district court AFFIRMED.

_____ C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1]We have considered Reeves' other arguments, including those concerning the appeals officer's and DIR's jurisdiction, and conclude that they lack merit.

cc: Hon. Kerry Louise Earley, District Judge
Black & LoBello
Alverson Taylor Mortensen & Sanders
Dept. of Business and Industry/Div. of Industrial
Relations/Henderson
Legal Aid Center of Southern Nevada, Barbara E. Buckley,
Executive Director
Anne R. Traum, Coordinator, Appellate Litigation Section
Pro Bono Committee, State Bar of Nevada
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A