IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS CLUB HOTEL & CASINO, LLC, A DOMESTIC LIMITED LIABILITY COMPANY,
Appellant,
vs.
THE STATE OF NEVADA EMPLOYMENT SECURITY DIVISION; RENEE OLSON, IN HER CAPACITY AS ADMINISTRATOR OF THE EMPLOYMENT SECURITY DIVISION; KATIE JOHNSON, IN HER CAPACITY AS CHAIRPERSON OF THE EMPLOYMENT SECURITY DIVISION; AND JEFFREY SIMMONS, AN EMPLOYEE,
Respondents.

No. 67725

FILED

MAY 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant Las Vegas Club Hotel & Casino (the Las Vegas Club) employed Jeffery Simmons (Simmons) from August 11, 2004, to February 27, 2014, as a surveillance technician. In 2013, Simmons began using medical marijuana to treat a disability. In 2014, Simmons filed an industrial injury claim with the Las Vegas Club and was directed to report for a drug test. Simmons tested positive for marijuana and was terminated by the Las Vegas Club for violation of its drug and alcohol policy. Simmons applied for unemployment benefits, which the Las Vegas Club opposed. The Employment Security Division (the ESD) denied

16-15840

Simmons' application, concluding that Simmons was discharged for misconduct under NRS 612.385 for violating the Las Vegas Club's drug and alcohol policy. Simmons appealed, and an evidentiary hearing was held before an administrative tribunal (referee). The referee issued a decision reversing the determination that Simmons' use of medical marijuana was misconduct and concluded that Simmons was eligible for benefits. The referee concluded that the Las Vegas Club failed to provide a copy of its drug and alcohol policy and so it was unknown what the specifics of the policy were and whether Simmons actually violated the policy. The Las Vegas Club filed an appeal and the ESD's Board of Review affirmed the referee's decision. Thereafter, the Las Vegas Club filed a petition for judicial review, which the district court denied.

On appeal, the Las Vegas Club argues that the ESD's conclusion that Simmons' off-site medical marijuana use was not misconduct under NRS 612.385 was arbitrary and capricious because Simmons violated the Las Vegas Club's drug and alcohol policy, and because Simmons failed to seek clarification about his medical marijuana use in violation of the Las Vegas Club's drug and alcohol policy. We disagree. The Las Vegas Club failed to provide the drug and alcohol policy to the ESD. Thus, the content of the policy and whether Simmons' conduct violated the policy are unknown. Accordingly, we affirm the district court's order.

This court's role in reviewing an administrative agency's decision is identical to that of the district court. Therefore, "[t]his court is limited to the record before the agency and cannot substitute its judgment for that of the agency on issues concerning the weight of the evidence on

questions of fact." *Bob Allyn Masonry v. Murphy*, 124 Nev. 279, 282, 183 P.3d 126, 128 (2008). "We review an administrative agency's factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence." *Elizondo v. Hood Mach. Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 482 (2008) (internal quotations omitted). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion . . . ." *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008). This court will "not reweigh the evidence or revisit an appeals officer's credibility determination." *Id.*

We conclude that substantial evidence supports the ESD's determination that Simmons' actions did not amount to wrongful misconduct for the purposes of NRS 612.385. The referee determined that the Las Vegas Club provided no probative evidence to show that Simmons violated a known drug and alcohol policy. Although the Las Vegas Club provided Simmons' termination form and discipline report, which generally refer to its drug and alcohol policy, it failed to provide a copy of the policy itself such that the referee could make any conclusions regarding the specific details of the policy or whether Simmons knowingly or willfully violated the policy. Additionally, the Las Vegas Club provided no evidence to show that Simmons was aware that his conduct constituted a violation of the policy. Accordingly, there is substantial evidence in the record to support the referee's conclusion that, under these facts,

Simmons' actions did not amount to misconduct under NRS 612.385. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

_____

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc: Hon. Jennifer P. Togliatti, District Judge
Ara H. Shirinian, Settlement Judge
Cohen-Johnson, LLC
State of Nevada/DETR
Richard Segerblom
Eighth District Court Clerk