IN THE SUPREME COURT OF THE STATE OF NEVADA

LETICIA PADILLA,
Appellant,
vs.
GOLDEN NUGGET, INC. AND
CORVEL CORPORATION;
Respondents.

No. 78796

FILED

OCT 15 2020

CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.[1]

Appellant Leticia Padilla injured her elbow while working for respondent Golden Nugget, Inc. Respondent Corvel Corporation, Golden Nugget's insurance administrator, accepted Padilla's workers' compensation claim and she received treatment from multiple physicians. After a few months of treatment, Padilla was released back to full-duty work, having reached maximum medical improvement with no ratable impairment. Padilla challenged Corvel's subsequent decision to close her claim, asserting that another physician opined she required further treatment. The hearing officer ordered an independent medical exam, which agreed with her prior physician's recommendation against further treatment. The appeals officer thereafter affirmed the claim closure, and the district court denied Padilla's petition for judicial review.

In reviewing the appeals officer's decision, this court applies the same standard as the district court, *Elizondo v. Hood Mach., Inc.*, 129 Nev.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-38007

780, 784, 312 P.3d 479, 482 (2013) (explaining that this court reviews an agency's decision for clear error or an abuse of discretion), and is confined to the record before the administrative agency, NRS 233B.135(1)(b). "An appeals officer's fact-based conclusions of law are entitled to deference and will not be disturbed if supported by substantial evidence." *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087-88 (2008); *see also* NRS 233B.135(3)(e) (providing that a reviewing court may set aside the agency's decision if it is "[c]learly erroneous in view of . . . substantial evidence on the whole record").

The record reflects that in making her decision, the appeals officer took into consideration reports from Padilla's treating physician, Dr. Young, and an independent medical examiner, Dr. Vahey, both of whom opined that she had reached a maximum level of improvement with no permanent impairment and that she would not benefit from surgery. Although Padilla introduced a contrary opinion from Dr. LaTourette indicating that surgery could be beneficial, this court "may not substitute our judgment for that of the appeals officer as to the weight of the evidence on a question of fact." *Vredenburg*, 124 Nev. at 557, 188 P.3d at 88. To the extent that Padilla argues her claim should be reopened because she did not have a permanent partial disability (PPD) evaluation performed, Padilla waived this argument because she raised it for the first time on appeal. *See Dubray v. Coeur Rochester, Inc.*, 112 Nev. 332, 337 n.2, 913 P.2d 1289, 1292 n.2 (1996) (declining to consider an argument that "was not [first] considered in the decisions of the hearing officer, the appeals officer or the district court").

As the appeals officer's decision was based on substantial evidence, it is entitled to deference. Accordingly, the district court properly denied Padilla's petition for judicial review and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Rob Bare, District Judge
Paul M. Haire, Settlement Judge
Kemp & Kemp
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
State of Nevada, Department of Administration Hearings Division
Eighth District Court Clerk

---

[2]We decline to address Padilla's remaining arguments because either they do not provide a basis to reverse the appeals officer's decision or they are unsupported by relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims unsupported by cogent argument or relevant authority).