IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RUTH NAPOLES,<br>Appellant,<br>vs.<br>CANNON COCHRAN MANAGEMENT SERVICES, INC., D/B/A CCMSI; AND WASHOE COUNTY SCHOOL DISTRICT,<br>Respondents. | No. 81651<br><br>**FILED**<br><br>SEP 16 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.[1]

Appellant Ruth Napoles filed a workers' compensation claim for injuries sustained while working for respondent Washoe County School District (the School District). The School District's third-party administrator, respondent Cannon Cochran Management Services, Inc. (CCMSI) accepted the claim. After Napoles reached maximum medical improvement (MMI) for her original conditions, she accepted a lump sum payment for a four percent permanent partial disability (PPD) rating and the parties agreed to re-open her claim to treat new conditions. Evidence in the record shows that Napoles' doctor prescribed her medication to treat the new conditions. When she reached MMI again, CCMSI scheduled

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26890

Napoles for a PPD evaluation for her new conditions. Based on the results of that PPD evaluation, which did not recommend continuing the prescription from her treating doctor, CCMSI sent Napoles correspondence offering her payment for an additional eight percent PPD. It also notified Napoles that the re-opened claim was closed as of the date of her PPD exam with regard to further benefits. Because the proposed PPD award did not include a provision for the medication prescribed by her doctor, Napoles appealed. Both a hearing officer and an appeals officer affirmed the claim closure and the district court denied Napoles' subsequent petition for judicial review.

It is clear that, pursuant to NRS 616C.495 and the terms of the parties' settlement agreement, Napoles was not entitled to receive ongoing medication for her original conditions. *See* NRS 616C.495(2) (providing that all benefits for compensation terminate when a claimant elects to receive a lump sum payment for her PPD); *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (explaining that "a settlement agreement is a contract . . . governed by principles of contract law"); *see also Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) ("[When] the language of the contract is clear and unambiguous . . . the contract will be enforced as written."). But with respect to conditions that the settlement agreement specified were being reopened, the agreement did not prohibit any particular treatments for those conditions, including medication.

With that background, Napoles argues that the appeals officer committed clear error by affirming CCMSI's decision to close her claim without providing ongoing medication for her new conditions. *See Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (reviewing

an administrative agency's factual findings for clear error or an abuse of discretion). We agree that reversal is warranted. Our review of the record shows that Napoles presented records from her treating physician recommending continued medication for her new conditions once she reached MMI, but it appears the appeals officer did not consider this evidence when affirming closure of Napoles' reopened claim. And if the appeals officer considered the evidence, the officer gave no basis for rejecting the evidence that we could affirm on appeal, such as that the evidence lacked credibility or was outweighed by other evidence. *See Constr. Indus. Workers' Comp. Grp. v. Chalue*, 119 Nev. 348, 354, 74 P.3d 595, 598 (2003) (providing that "NRS 233B.135(3) precludes [this court] from weighing evidence or determining . . . credibility . . . in an administrative hearing"). Accordingly, we conclude the appeals officer's decision is not supported by substantial evidence and judicial review was appropriate.[2] *See* NRS 233B.135(3)(e) (explaining that judicial review of an agency decision is appropriate where the final decision is "[c]learly erroneous in view of the" evidence in the record); *Elizondo*, 129 Nev. at 784, 312 P.3d at 482 (providing that the focus is on whether the administrative agency's factual findings are supported by substantial evidence). We therefore reverse the district court's order denying Napoles' petition for judicial review. The district court shall remand this matter to the appeals

---

[2]Given our disposition, we decline to address Napoles' remaining arguments.

officer to reconsider its decision in light of all of Napoles' evidence. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to remand to the appeals officer for further proceedings consistent with this order.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                    Gibbons

cc:   Hon. Egan K. Walker, District Judge
      Lansford W. Levitt, Settlement Judge
      Nevada Attorney for Injured Workers/Carson City
      McDonald Carano LLP/Reno
      Washoe District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.