ADMINISTRATOR OF THE DIVISION OF OCCUPA-
TIONAL SAFETY AND HEALTH, Appellant, v.
PABCO GYPSUM, Respondent.

No. 18822

June 26, 1989                          775 P.2d 701

*John W. Aebi,* Associate Division Counsel, Carson City, Attorney for Appellant.

*Waldman, Gordon & Silver* and *Martha Karp* and *Joseph S. Kistler,* Las Vegas, Attorneys for Respondent.

## OPINION

*Per Curiam:*

The Nevada Occupational Safety and Health Review Board ("Board") determined that respondent, Pabco Gypsum ("Pabco"), violated Nevada's general duty clause because it failed to properly construct a building which collapsed injuring two workers. The district court reversed the Board's decision. The district court held that the Board's decision was erroneous as a matter of law. Appellant, the Administrator of the Division of Occupational Safety and Health ("DOSH"), contends on appeal that the district court erroneously overturned the Board's decision because it is supported by substantial evidence. We agree.

Pabco is a mining and manufacturing business located in Clark County, Nevada. Pabco mines gypsum and manufactures wallboard at its plant in Henderson. In 1986, Pabco began constructing a prefabricated steel building next to its Henderson plant. Pabco hired a temporary crew to construct the building and William Redden to supervise the project. Construction began in November 1986. On December 2, 1986, the building collapsed injuring two employees. On December 3, 1986, a DOSH representative, Holly Jensen inspected the collapsed structure. Jensen issued a citation to Pabco for violating NRS 618.375(1), (2) and (5) and assessed a $560.00 fine. DOSH then filed a complaint with the Board.

In a decision filed May 1, 1987, the Board concluded that Pabco had violated NRS 618.375 and that the fine of $560.00 was reasonable. The Board noted that the building had not been constructed according to its plans. In addition, the Board noted that Redden had failed to obtain a building permit. Pabco appealed the Board's decision to the district court. The district court decided the matter upon briefs filed by the parties. The district court determined that Pabco had no knowledge of any incompetence on the part of Redden and that Pabco did not fail to properly supervise him. The district court concluded it was improper for the Board to impute Redden's mistakes to Pabco. This appeal followed.

DOSH contends that the district court erred by reversing the Board's decision because it is supported by substantial evidence. We agree. The Board found that Pabco had committed a serious violation of Nevada's general duty clause because it failed to provide a safe working place. *See* NRS 618.375; NRS 618.625(2). To prove a serious violation DOSH had to demonstrate that a substantial probability of death or serious injury existed as a result of a condition arising at the workplace, which the employer was aware of or could have been aware of with the exercise of reasonable diligence. *See* NRS 618.625(2).

The record on appeal reveals that there is sufficient evidence to support the Board's decision. Pabco's own witness testified that a building should be constructed according to plans. Evidence was presented that certain braces called for in the plan were not installed. In addition, the evidence presented to the Board demonstrated that contrary to the building plans there were gaps between the supporting columns and the foundation. Moreover, DOSH presented testimony that the standard construction procedure was that each bay of the building was to be erected and made rigid before erecting the subsequent bays. Evidence was presented that this practice was not followed. There was also testimony that failure to comply with recognized building plans or

practices such as those mentioned above would indicate the existence of a hazard which could cause death or serious bodily injury.

Furthermore, Pabco could have been aware of the condition with the exercise of reasonable diligence. Pabco hired Redden to supervise the construction of the building. Pabco is not in the construction business. Its business is mining and manufacturing. Yet Pabco undertook the construction project relying upon Redden whom Pabco believed would safely complete the project. Pabco relied totally upon Redden's knowledge and skill. Under these circumstances the Board correctly imputed Redden's knowledge of the deviations from standard building practices to Pabco. *See* NRS 618.095 (employer includes any management official having direction or custody of any employment or employee); *cf.* H. E. Wiese, Inc., 1982 O.S.H. Dec. (CCH) Para. 25,985 (March 31, 1982) (the actions and knowledge of supervisory personnel are generally imputable to their employers). Furthermore, there is nothing in the record to indicate that Pabco instructed Redden on the safe erection of the building or attempted to ascertain that Redden was complying with safe building practices. *See* Todd Shipyards, Corp., 1984-1985 O.S.H. Dec. (CCH) Para. 27,001 (August 3, 1984) (employer can rebut imputation by demonstrating employee misconduct). Accordingly, the decision of the district court is reversed and the Board's decision is reinstated.