# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRA CONTRACTING, INC.,
Appellant,
vs.
CHIEF ADMINSTRATIVE OFFICER OF
THE OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION,
DIVISION OF INDUSTRIAL
RELATIONS OF THE DEPARTMENT
OF BUSINESS AND STATE OF
NEVADA,
Respondent.

No. 67270

**FILED**

JAN 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court order denying judicial review of an occupational safety and health matter. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

After respondent Nevada Occupational Safety and Health Administration (NOSHA) discovered an employee of appellant Terra Contracting, Inc., in an unprotected, excavated trench deeper than five feet, working under the supervision of Terra's competent person to install a concrete grease trap, NOSHA cited Terra for two serious violations, based on (1) 29 CFR § 1926.651(k)(2) ("Inspections. . . . Where the competent person finds evidence of a situation that could result in a possible cave-in, . . . exposed employees shall be removed from the hazardous area. . . .") and (2) 29 CFR §1926.652(a)(1) ("Each employee in an excavation shall be protected from cave-ins by an adequate protective

16-01249

system. . . .").[1] The Nevada Occupational Safety and Health Review Board upheld the citations but recalculated the resulting fines, and the district court denied Terra's subsequent petition for judicial review. Terra then appealed.

When reviewing administrative NOSHA decisions, we consider legal questions de novo and assess whether factual determinations are based on substantial evidence. *Century Steel, Inc. v. State, Div. of Indus. Relations, Occupational Safety & Health Section*, 122 Nev. 584, 588, 590, 137 P.3d 1155, 1158, 1159 (2006). Terra does not dispute that NOSHA established the first three elements needed to prove its prima facie case: (1) the cited standards are applicable; (2) the standards were violated; and (3) Terra employees had access to the violative condition. *Atl. Battery Co.*, 16 BNA OSHC 2131 (No. 90-1747, 1994); *see* NRS 618.625(2); NAC 618.788. Instead, Terra contends that NOSHA failed to prove the fourth and last factor, Terra's actual or constructive knowledge of the violations. *Atl. Battery Co.*, 16 BNA OSHC 2131; *see* NRS 618.625(2). Terra further asserts that, even if knowledge was shown, Terra proved its affirmative defense of unpreventable employee misconduct. *See Adm'r of Div. of Occupational Safety & Health v. Pabco Gypsum*, 105 Nev. 371, 373, 775 P.2d 701, 703 (1989).

*Knowledge*

With regard to both violations, the Board found that Terra had actual knowledge of the violative conditions through its competent person, who was present and supervising the employees in the trench. Generally,

---

[1] NRS 618.295(8) provides that the federal regulations apply, as Nevada has not adopted an alternative standard.

the knowledge of a supervisor is properly imputed to the employer. *Id.* Terra argues, however, that the competent person's knowledge cannot be imputed here because doing so would impose strict liability on the employer, which is not permitted. Rather, Terra claims, NOSHA must show that the supervisor's actions were foreseeable or preventable by proving the employer's safety program inadequate.

The Third, Fourth, Fifth, Tenth, and Eleventh Circuit Courts of Appeal have concluded that, with respect to supervisor violations of federal occupational safety and health law, "'employer knowledge must be established, not vicariously through the violator's knowledge, but by either the employer's actual knowledge, or by its constructive knowledge based on the fact that the employer could, under the circumstances of the case, foresee the unsafe conduct of the supervisor [that is, with evidence of lax safety standards].'" *ComTran Grp., Inc. v. U.S. Dep't of Labor*, 722 F.3d 1304, 1316 (11th Cir. 2013) (alterations in *ComTran Grp.*) (quoting *W.G. Yates & Sons Constr. Co. Inc. v. Occupational Safety & Health Review Comm'n*, 459 F.3d 604, 609 n.8 (5th Cir. 2006)); *see Penn. Power & Light Co. v. Occupational Safety & Health Review Comm'n*, 737 F.2d 350 (3d Cir. 1984); *Mountain States Tel. & Tel. Co. v. Occupational Safety & Health Review Comm'n*, 623 F.2d 155 (10th Cir. 1980); *Ocean Elec. Corp. v. Sec'y of Labor*, 594 F.2d 396 (4th Cir. 1979); *see also Century Steel*, 122 Nev. at 589, 137 P.3d at 1158-59 (looking to federal decisional law in interpreting similar provisions in the NOSHA). And here, NOSHA does not appear to dispute the standard urged by Terra but instead argues that the Board's knowledge finding was based on substantial evidence, pointing out that Terra's competent person was in the trench, the trench took 4-5 days to dig, and evidence of Terra's safety program contained little discussion on

trenches and no documentation of any safety inspections. Therefore, we conclude that the Board improperly imputed the competent person's knowledge of the violative condition to Terra with respect to violation 1. With respect to violation 2, however, the supervisor's knowledge was properly imputed because the supervisor did not engage in the violative conduct.

To the extent that NOSHA argues that the Board's failure to place the burden on it was harmless error, we disagree. As recognized by the Eleventh Circuit Court of Appeals under similar circumstances, such error is not harmless and unfairly burdens the employer with the task of identifying the exact evidence to rebut the agency's position without knowing the agency's arguments. *ComTran Grp.*, 722 F.3d at 1318. In this case, NOSHA put on no evidence of foreseeability as to violation 1, relying solely on the supervisor's own misconduct to impute knowledge, and thus Terra was not even required to present rebuttal. As a result, we reverse with respect to violation 1 (competent person's failure to remove employees from unprotected trench) and, in light of the clarified standard, remand for further proceedings.

*Unpreventable employee misconduct*

But imputation is permissible when it is not the supervisor's own conduct at issue, *ComTran Grp.*, 722 F.3d at 1314, and thus the competent person's knowledge was properly imputed to Terra with regard to violation 2 (employee in trench). *Pabco Gypsum*, 105 Nev. at 373, 775 P.2d at 703; *Butch Thompson Enter., Inc.*, 22 BNA OSHC 1985 (No. 08-1273, 2009 (ALJ)). As a result, we must examine whether the Board's decision that Terra failed to prove its affirmative defense of unpreventable employee misconduct is based on substantial evidence. To establish the

affirmative defense of "unpreventable employee misconduct," the employer must prove four elements: (1) established work rules designed to prevent the violation, (2) adequate communication of those rules to the employee, (3) steps taken to discover any violations of those rules, and (4) effective enforcement of those rules after discovering violations. *Marson Corp.*, 10 BNA OSHC 1660 (No. 78-3491, 1982); *see Pabco Gypsum*, 105 Nev. at 373, 775 P.2d at 703.

The Board's decision that Terra failed to show these four requirements is supported by the record. Terra demonstrated that it had a basic safety course that addressed trenching and which its employees were required to attend and acknowledge understanding of upon employment and annually thereafter. Terra further conducted weekly safety meetings and asserted that it required its superintendents and foremen to conduct informal and formal, documented safety inspections daily, including the identification of high hazard areas, such as trenches more than five feet deep, and had safety specialists perform random inspections. Terra failed, however, to provide additional, targeted trenching safety instruction for its employees and failed to address trench safety at any of its weekly safety meetings, although the cited employees did receive such specific training after the incident. Terra further failed to produce written documentation, pursuant to its safety policy, of any onsite inspections, and thus it is unclear whether any such inspections were adequate to discover any violations of trench safety regulations. *See, e.g., Complete Gen. Constr. Co. v. Occupational Safety & Health Review Comm'n*, No. 03-4456, 2005 WL 712491, at *3 (6th Cir. Mar. 29, 2005) (concluding that the defense of unpreventable employee misconduct was not shown when the employer failed to ensure employees read safety

manual, held toolbox talks that failed to cover trenching or other safety material, and held supervisory safety training only annually). Thus, the district court properly denied judicial review with regard to violation 2, and that portion of its order is affirmed. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court so that it can remand it to the Board for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 15
Israel Kunin, Settlement Judge
Shumway Van & Hansen
Dept. of Business and Industry/
        Div. of Industrial Relations/Henderson
Eighth District Court Clerk