**135 Nev., Advance Opinion 18**
IN THE SUPREME COURT OF THE STATE OF NEVADA

THE ORIGINAL ROOFING COMPANY,
LLC,
Appellant,
vs.
CHIEF ADMINISTRATIVE OFFICER
OF THE OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION,
DIVISION OF INDUSTRIAL
RELATIONS OF THE DEPARTMENT
OF BUSINESS AND INDUSTRY,
STATE OF NEVADA,
Respondent.

No. 74048





JUN 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review in which respondent challenged a Nevada Occupational Safety and Health Administration Review Board's decision to overturn a workplace safety citation on the basis that appellant employer lacked knowledge of the violative conduct at issue. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Reversed.*

Marquis Aurbach Coffing and Thomas W. Stewart, Micah S. Echols, and Adele V. Karoum, Las Vegas,
for Appellant.

State of Nevada Department of Business and Industry, Division of Industrial Relations, and Salli Ortiz, Carson City,
for Respondent.

19-24491

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

When an employer challenges a citation issued for a workplace safety violation, Nevada's Occupational Safety and Health Administration bears the burden of establishing, as part of its prima facie case, all of the essential elements of the charged violation, including that the employer had actual or constructive knowledge of the violative conduct. A supervisor's knowledge that his or her own work practices violated safety laws (or the supervisor's knowledge that employees under his or her supervision were not complying with such laws) will not be imputed to the employer unless the supervisor's violative conduct was foreseeable. Because respondent did not demonstrate the employer's actual knowledge of the violative conduct or that the supervisor's violative conduct was foreseeable under the circumstances presented, we conclude the Review Board properly overturned the citation for lack of employer knowledge. We therefore reverse the district court's order granting judicial review.

*BACKGROUND*

In July 2015, a Compliance Safety and Health Officer for Nevada Occupational Safety and Health Administration (NOSHA) conducted a safety inspection at a jobsite in Henderson, Nevada. The inspector noted that an employee and a supervisor for appellant, The Original Roofing Company, LLC (TORC), were working on a steep roof without fall protection as required by federal regulation. *See* 29 C.F.R. 1926.501(b)(11) (requiring all employees to use fall protection equipment when "on a steep roof with unprotected sides and edges 6 feet (1.8 m) or

more above lower levels").[1] Both the employee and the supervisor told the inspector that they received training from TORC on fall protection and knew they were required to use it on the steep roof on which they were working. Both men admitted they disregarded their training because they found it easier to accomplish their work without using the fall protection equipment.

The inspector imputed knowledge to TORC that its employees were not utilizing fall protection because TORC's supervisor knew of, and engaged in, the violative conduct. NOSHA issued a citation against TORC for one violation of 29 C.F.R. 1926.501(b)(11).[2] TORC contested the citation in a letter to NOSHA, and respondent, the Chief Administrative Officer of NOSHA, then filed a complaint with the Nevada Occupational Safety and Health Review Board (Review Board).

The Review Board held a hearing on the complaint and entered a written order, in which it concluded that respondent failed to demonstrate a violation of OSHA law. Specifically, the Review Board found that while the supervisor here ignored his training to undertake a task in violation of known safety regulations and allowed the employee under his supervision to do the same, respondent did not demonstrate that TORC knew of the

---

[1]Generally, federal Occupational Safety and Health Administration (OSHA) standards are deemed to be Nevada occupational safety and health standards. NRS 618.295(8).

[2]The violation was classified as "repeat-serious" because TORC had been previously cited for similar violations in January 2012 and July 2013 (committed by different supervisors and employees than those in the underlying violation) and serious injuries are likely to result from falls. *See* NRS 618.625(2) (outlining a serious violation of OSHA law).

violative conduct at issue. The Review Board concluded the supervisor's knowledge of his own violative conduct could not be imputed to TORC because respondent failed to demonstrate that the conduct was foreseeable in light of the evidence submitted by TORC pertaining to the company's efforts to ensure compliance with OSHA laws.[3]

Respondent petitioned the district court for judicial review of the Review Board's order. The district court granted the petition and reversed the order, holding that the Review Board lacked sufficient evidence to support its factual findings and legal conclusions. TORC appealed.

## DISCUSSION

Our role in reviewing an administrative agency's decision is identical to that of the district court—we review the agency's decision for clear error or an arbitrary and capricious abuse of discretion and will overturn the agency's factual findings only if they are not supported by substantial evidence. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013). An agency's fact-based conclusions of law are entitled to deference when supported by substantial evidence; however, purely legal questions are reviewed de novo. *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 383-84 (2008). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *City Plan Dev., Inc. v. State, Office of Labor Comm'r*, 121 Nev. 419, 426, 117 P.3d 182, 187 (2005).

---

[3]The Review Board also concluded that even if respondent had shown that TORC violated an OSHA law, TORC established the affirmative defense of unpreventable employee misconduct. Because we agree with the Review Board's conclusion that respondent failed to present a prima facie case for an OSHA violation, we need not reach this issue.

Pursuant to NAC 618.788, the Chief Administrative Officer of NOSHA carries the burden of proof in demonstrating a violation of OSHA law by establishing: (1) the applicability of the OSHA regulation; (2) noncompliance with the OSHA regulation; (3) employee exposure to a hazardous condition; and (4) the employer's actual or constructive knowledge of the violative conduct. *See Atl. Battery Co.*, 16 BNA OSHC 2131, 2135 (No. 90-1747, 1994). The parties agree respondent established the first three elements of a prima facie violation of OSHA law in that 29 C.F.R. 1926.501(b)(11) applied to TORC's roofing activities; the employee and the supervisor violated the regulation by failing to utilize fall protection; and the failure to utilize fall protection exposed TORC employees to a hazardous condition. Respondent never alleged TORC had actual knowledge of the violative conduct at issue. Thus, whether TORC had constructive knowledge of this violative conduct remains for this court's review.

Employer knowledge is established by demonstrating "that the employer either knew, or, with the exercise of reasonable diligence, could have known of the presence of the violative condition." *Pride Oil Well Serv.*, 15 BNA OSHC 1809, 1814 (No. 86-692, 1992) (discussing federal OSHA criteria). Generally, an employer is imputed with a supervisor's knowledge of deviations from OSHA's safety rules to encourage employers to exercise reasonable diligence to ensure OSHA compliance by their employees. *See Adm'r of Div. of Occupational Safety & Health v. Pabco Gypsum*, 105 Nev. 371, 373, 775 P.2d 701, 702-03 (1989). An employer's exercise of reasonable diligence includes the obligation to anticipate potential hazardous conditions, take measures to prevent those conditions, and to inspect worksites. *See Pride Oil Well Serv.*, 15 BNA OSHC at 1814. Imputing

SUPREME COURT
OF
NEVADA

(O) 1947A

knowledge to an employer through a supervisor is inappropriate, however, when the record does not demonstrate that the employer could have foreseen the supervisor's violative conduct. *See* NRS 618.625(2) (providing that "serious violations" exist when there is substantial probability that death or serious physical harm could result from practices used in the workplace "unless the employer did not and could not, with the exercise of reasonable diligence, know of the presence of the violation").

To hold an employer absolutely liable in all circumstances without regard for that employer's efforts to comply with OSHA's regulations would amount to strict liability and discourage OSHA compliance efforts. *See, e.g., Ocean Elec. Corp. v. Sec'y of Labor*, 594 F.2d 396, 399 (4th Cir. 1979). As a number of federal appellate courts have observed, employer knowledge of a workplace safety violation must be actual or constructive and may not be demonstrated vicariously simply by establishing a supervisor engaged in the violative conduct. *See ComTran Grp., Inc. v. U.S. Dep't of Labor*, 722 F.3d 1304, 1316 (11th Cir. 2013); *W.G. Yates & Sons Constr. Co. v. Occupational Safety & Health Review Comm'n*, 459 F.3d 604, 608-09 (5th Cir. 2006); *Pa. Power & Light Co. v. Occupational Safety & Health Review Comm'n*, 737 F.2d 350, 354 (3d Cir. 1984); *Mountain States Tel. & Tel. Co. v. Occupational Safety & Health Review Comm'n*, 623 F.2d 155, 157-58 (10th Cir. 1980); *Ocean Elec. Corp.*, 594 F.2d at 401. We agree with those decisions and hold an employer's knowledge of violative conduct must be established "not vicariously through the violator's knowledge, but by either the employer's actual knowledge, or by its constructive knowledge based on the fact that the employer could, under the circumstances of the case, foresee the unsafe conduct of the supervisor." *ComTran Grp., Inc.*, 722 F.3d at 1316. In doing so, we recognize that such

constructive knowledge could be based on any number of factors that evidence that the employer failed to enforce adequate safety standards. Ultimately, however, "a supervisor's knowledge of his own malfeasance is *not* imputable to the employer where the employer's safety policy, training, and discipline are sufficient to make the supervisor's conduct in violation of the policy unforeseeable." *W.G. Yates*, 459 F.3d at 608-09.

In light of the evidence presented at its hearing, substantial evidence supports the Review Board's fact-based legal conclusions regarding the lack of foreseeability of the supervisor's violation and TORC's efforts to comply with OSHA's safety regulations. *See Milko*, 124 Nev. at 362, 184 P.3d at 383-84. Specifically, TORC presented evidence of the company's efforts to comply with OSHA regulations and build its safety practices to address past violations and foster a culture of safety, including that it (1) spent roughly $170,000 on safety programs after its two previous citations, including the creation of a training facility equipped with a mock roof used to demonstrate to employees how to properly anchor their fall protection; (2) used a fall protection agreement form, requiring employees to acknowledge the TORC's safety policy; (3) had superintendents visit jobsites daily to check for safe practices and complete corresponding inspection forms, which were tied to an incentive program; (4) held meetings to review safety practices; (5) conducted safety audits; and (6) issued written notices to employees who violated safety rules and immediately scheduled those employees for retraining. The record thus supports the Review Board's findings that TORC exercised reasonable diligence to ensure safety compliance by implementing a safety program, making fall protection equipment readily available, holding training meetings, requiring employee acknowledgment of policies, adopting an incentive program tying bonuses

to following safety protocols, disciplining noncompliant employees, and by having superintendents conduct field audits and site inspections. *See Pride Oil Well Serv.*, 15 BNA OSHC at 1814. The Review Board properly rejected respondent's argument that TORC had constructive knowledge of the violative conduct given TORC's citations for similar violations in 2012 and 2013 that showed TORC that this was a problem. While the Review Board incorrectly found respondent did not offer any evidence that TORC previously employed foremen who did not enforce fall protection requirements, the record shows that TORC's previous violations involved different foremen. We agree with TORC that it was not foreseeable that *this* foreman would not enforce fall protection safety requirements because TORC made significant safety improvements to prevent conduct like that of the previous violations after those citations.

Accordingly, the Review Board did not abuse its discretion in overturning the citation, as substantial evidence supports its conclusion that NOSHA failed to demonstrate TORC's knowledge of the violative conduct at issue. *See Elizondo*, 129 Nev. at 784, 312 P.3d at 482. Therefore, the district court erred in reversing the Review Board's decision.

In accordance with the foregoing analysis, we reverse the district court's order granting judicial review.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver